Brumbaugh v. Schmidt.

JEROME D. BRUMBAUGH V. FRANK SCHMIDT.

9 117
43 616

1. REVIEWING FINDINGS—*Conflicting Evidence.* Where there is conflicting evidence, and the preponderance is not great, the findings of the district court will not be disturbed.

2. TESTIMONY *not Objected to*—*Errors not Reviewed.* The supreme court will not notice errors in the admission of testimony where no objections were made thereto in the court below.

### *Error from Marshall District Court.*

THE opinion contains a sufficient statement of the facts to a proper understanding of the questions determined. The case was tried at the October Term 1870. The court made separate findings of fact and of law, and gave judgment in favor of *Schmidt,* plaintiff below. *Brumbaugh* excepted, and a new trial being refused he brings the case here on error.

*Wilson Shannon,* for plaintiff in error:

1. The first question is, Had Magill authority to sell Mrs. Woodley's interest in the land, as her agent? The court below found as matter of fact that he had not. In this we claim the court erred; and an examination of the testimony in the bill of exceptions will clearly show such error, and we ask this court to examine and consider that testimony.

2. The court erred in allowing written statement of Mrs. Woodley, prepared by her beforehand, and handed to the officer taking her deposition, and by the officer copied into her deposition, to be given in evidence. She was on the witness stand, and should have made her oral statement.

It was also error to allow the deposition of Cal. Woodley to be read where he testifies to the contents of letters received by him, not produced, and not accounted for. And the same objection applies to the deposition of witness Fry.

*Horton & Waggener,* for defendant in error:

1. The finding of the court is general for the plaintiff, under § 290 of the code, and with voluntary special findings therewith. The special findings made without request are nullities. The court cannot look into the evidence, which is

conflicting, to see if it sustains the general findings. When the evidence is conflicting the findings of the court will not be disturbed.   2 Kas., 237, 339; 3 Kas., 282; 4 Kas., 177.

2. No objections were made by plaintiff in error, upon the trial below, to the depositions; and hence no objection to this evidence can be presented here for review by this court.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error, claiming to be the owner of an undivided one-half of a quarter-section of land in Marshall county, brought his action to settle the question as to the title between himself and plaintiff in error. The pleadings admit the ownership of one-half of the tract to have been in Mrs. L. A. Woodley, widow of A. D. Woodley deceased. The defendant in error has her title by virtue of a deed dated Oct. 7, 1869. The plaintiff in error claims title by virtue of a sale made to him by Magill, as the agent of Mrs. Woodley, on the 5th of November 1868. The whole controversy turned upon whether Magill was such agent, and was authorized to make a sale of Mrs. Woodley's interest in the land. On this point the evidence is conflict-

1. Findings; conflicting evidence.

ing; and as to numbers, the witnesses are about equally balanced. The cause was tried by the court, and special findings were made, among which is the following: "3d. That said Magill had not authority to sell said lands at the time said contract of sale was made." Under such circumstances this court will not disturb the finding of fact by the court below, and a review of the evidence to show where the preponderance lies would be a fruitless labor, unless the preponderance was decided.

One of the witnesses whose deposition was taken in Virginia answered one of the questions from a memorandum

2. Testimony not objected to, not reviewed.

written by the witness some time before the deposition was taken.   No question was made on the admissibility of this evidence in the court below, and therefore there is no question for this court to decide. Witnesses testified as to the contents of letters. Undoubtedly

this was not proper testimony, but there was no objection made to its admission, and therefore no cause of complaint. An objection was made at the time of the taking of the depositions, but was not brought to the attention of the court, and is therefore deemed to have been waived.

Again, it is said that plaintiff in error was entitled to "Magill's tax title, whatever it was." But not a word appears in the evidence showing that he had any such title.

We have thus briefly noticed the errors to which our attention has been called, and not finding them well founded the judgment is affirmed.

All the Justices concurring.