## A. HYDE v. ISAAC H. BLEDSOE.

FINDINGS OF FACT; *Motion for New Trial; Weight of Evidence.* Where an action has been tried by the court without the intervention of a jury, a general finding made, a judgment rendered thereon, and a motion to set aside the finding and judgment, and for a new trial, because the finding is not sustained by sufficient evidence, made and overruled, the supreme court will not disturb the finding, or judgment, or order of the district court, unless the finding is clearly against the weight of the evidence.

### *Error from Bourbon District Court.*

BLEDSOE sued *Hyde* for "work and labor done and performed by said plaintiff for the defendant, and at defendant's instance and request." *Hyde* answered that the work and labor sued for "was done for the United States, in mowing grass in the National Cemetery at Fort Scott; that said *Hyde* was the duly-appointed superintendent of said cemetery, and in the management thereof, and in making said contract with plaintiff, said *Hyde* acted solely as agent for the United States, which facts were well known to plaintiff at the time of his employment." · The case was taken to the district court by appeal, and there tried at the June Term 1871. The court gave judgment in favor of the plaintiff, and *Hyde* brings the case here on error.

The case in this court was prosecuted by *Hon. A. H. Horton,* U. S. District Attorney for the District of Kansas, who filed an elaborate brief in review of the testimony, claiming that the evidence established the fact, beyond question, that the contract made by Hyde was made as the agent of and for the government, and that he was not the proper party defendant. The view taken by the court renders it unnecessary to insert the brief of counsel. No brief, and no appearance, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error was the superintendent of the National Cemetery at Fort Scott. Through an agent of his, (one A. Chaplin,) he employed Isaac H.

Bledsoe, defendant in error, to do some mowing, etc., on said cemetery. The work was done, and Bledsoe received from Hyde $14 therefor, and then sued Hyde for $46 more. The case was commenced in a justice's court. Judgment was rendered for the plaintiff, and defendant appealed to the district court, where judgment was again given for plaintiff, for ten dollars—and defendant brings the case to this court. The case is prosecuted in this court for the plaintiff in error (defendant below) by the United States District Attorney, at the request of the Secretary of War. The learned district attorney claims that Hyde in employing Bledsoe acted only as an agent for the government, and that therefore Hyde is not responsible. The law as claimed by the district attorney is probably correct; but it cannot well be applied in this case. The only manner in which the question was raised in the court below was by a motion for a new trial, founded on the ground that the finding of the court, which was a general finding for the plaintiff, was not sustained by sufficient evidence. The court overruled the motion. The evidence upon this point was conflicting, and pretty equally balanced. The court in making its finding upon the same undoubtedly determined that Hyde, in making said contract with Bledsoe, was a principal, and not merely an agent for the government; or, that if he was acting as an agent for the government he did not so disclose his agency as to relieve himself entirely from responsibility, and to render the contract he was then making a contract between the government and Bledsoe, and not a contract between himself and Bledsoe. A portion of the evidence would relieve Hyde from all responsibility, and another portion of the same would make him liable. We cannot determine so well as the court below which to believe, and therefore must presume that its findings are correct. We suppose we might lay down the following rule, which we think is good law, and determines this case, to wit: Where an action has been tried by the court without the intervention of a jury, a general finding made, a judgment rendered thereon, and a motion to set aside the finding and judgment, and for

a new trial, because the finding is not sustained by sufficient evidence, made and overruled, the supreme court will not disturb the finding, judgment, or order of the district court, unless the finding is clearly against the weight of the evidence. The judgment of the court below is affirmed.

All the Justices concurring.