## WILLIAM N. BIXBY v. WILLIAM BAILEY.

1. GENERAL FINDINGS. A general finding in favor of either party is a finding in his favor of all the facts necessary to constitute his claim or defense.

2. JUDGMENT, PROOF OF; *Lost Papers; Secondary Evidence.* In a case in the district court in which service was attempted by publication and in which the files have been accidentally destroyed by fire, where the final record recites a sufficient petition, notice of publication and judgment, and refers to, without copying, an affidavit for and an affidavit of publication, and the appearance-docket shows that both such affidavits were made and filed, and where it appears by parol testimony that an affidavit for publication, showing one of the statutory grounds therefor, was made by the plaintiff in the suit, and that publication was in fact made in the county newspaper, and where the judgment recites that due service had been made, and where there is no testimony by record or parol tending to impeach the regularity of the proceedings, *held,* sufficient evidence of a valid judgment when attacked collaterally, even though it does not affirmatively appear that the affidavit for publication alleged that service of a summons could not be made in the state, nor that the notice of publication was first inserted in the paper sixty-two days before the time for answering, nor that it was inserted in six successive weekly issues thereof.*

3. NON-RESIDENCE; *Proof of.* In such a case, if the defendants seek to impeach the judgment on the ground that, though published against him as a non-resident, he was in fact a resident, and therefore not liable to service by publication, very slight testimony will sustain a finding that he had so far lost his residence as to be liable to such service, even if it be conceded that parol testimony is admissible to invalidate such service; and upon this no opinion is expressed.

4. REDEMPTION-LAW. Where a note and mortgage were executed before the redemption-law they were not affected by its provisions.

*Error from Doniphan District Court.*

EJECTMENT, brought by *Bixby,* to recover 160 acres of land. The principal question here is as to the sufficiency of the evidence introduced by *Bailey* to show the validity of

[* SAID judgment was rendered while the code of 1859, (Comp. Laws, 1862,) was in force. Section 80 of said code provided, in cases of constructive service, that "the publication must be made six consecutive weeks," etc., (being 42 days;) §81 declared the service "complete" when the notice was published in the manner and for the time prescribed by §80; and by §§80 and 113 the answer-day must be 20 days after the "service" was complete. For changes made by code of 1868, see Gen. Stat., 643, §74.— REPORTER.]

the judgment rendered in 1865 in favor of Dana Fox against *Bixby*; and upon this question the facts are fully stated in the opinion. The land in question was sold under said judgment by the sheriff of Doniphan county, bid in by Fox, the sale confirmed, and the land afterward purchased by *Bailey*. *Bixby* claimed that the judgment and proceedings thereunder were void. The action was tried at the September Term 1872 of the district court. The entry of judgment is as follows:

[*Title.*] "And now at this day come again the parties by their respective attorneys; and the court having had this cause under advisement, and having fully considered the same, and being well advised in the premises, finds the issues for the said defendant, (except the tax-deed defense:) It is thereupon, considered," etc.

Judgment was given for *Bailey*. New trial refused, and *Bixby* brings the case here.

*Nathan Price,* and *C. W. Johnson,* for plaintiff in error:

1. The sheriff's deed is not such a deed as is by the statute made *prima facie* evidence of the regularity of the proceedings. It does not recite the judgment, execution, etc., required by law. It is therefore not such a deed as falls within the meaning of § 450 of the code of 1859, and is therefore void. 25 Cal., 230; 24 Cal., 411; 10 Mich., 338; 45 Me., 386; 17 Ark., 106: 6 Kas., 17.

2. But the deed is void for a stronger reason. Under the law in force when this judgment was entered, and when this deed was made, the judgment-debtor had two years within which he could redeem. (See Comp. Laws, page 770, § 4.) Hence the sheriff had no power to make the deed, when it was done; its delivery then was not a good delivery; the acknowledgment of its execution is nothing, and its record imports notice of nothing. 33 Cal., 668; 21 Cal., 392; 4 G. Greene, 386; 10 Mich., 486; 12 Barb., 240; 9 Cow., 182.

3. The record offered in evidence is not sufficient to sustain a sheriff's deed under the decree. In the discussion of this question we concede this much to save argument: That

superior courts of general jurisdiction, administering justice according to the course of the common law, are presumed to act by right and not by wrong. That, consequently, where a record is offered in evidence which is wholly silent as to appearance, (or service, where a default is entered,) appearance or service would be presumed. But we say that the reason upon which the rule was based has ceased to exist. Bringing men in by their bodies, distresses, and outlawries, are no longer resorted to, to bring men into court. In their place is a special statute authorizing courts to entertain jurisdiction of absent debtors, in specified cases, subject to many restrictions, limitations and conditions precedent. The law authorizing it is good, but liable to grave abuse. It is a law courts construe strictly: 14 How. Pr., 380; 13 How. Pr., 43; 12 Abbott, 359; 34 Barb., 95; 21 How. Pr., 286; 1 Hill, 130; 1 Selden, 366; 1 Denio, 147; 10 Wis., 501; 3 G. Greene, 77; 10 Iowa, 305; 4 T. B. Mon., 541. We distinctly affirm that in such cases the records of the district court are upon the same level with courts of inferior jurisdiction, and that consequently, where the record does not disclose the jurisdictional facts affirmatively, the record is a nullity: 13 How. Pr., 43; 12 Wend., 10; 14 How. Pr., 426, 334; 12 Ohio, 272; 33 Ill., 464; 2 Phillips on Ev., 198, 105, note 292. The maxim, *Omnia præsumuntur rite et solenniter esse acta*, does not apply to jurisdictional facts. 6 Wheaton, 119; 1 Smith's Leading Cases, 1011; 2 Ohio, 251; 18 Curtis, 683; 11 Wend., 647; 2 Phil. on Ev., 105, note 292; 25 N. H., 299; 35 N. H., 162; 3 Coms., 512; 15 Vt., 46; 16 Md., 171; 31 Barb., 661; 22 Ala., 61; Bigelow on Estoppel, 141; *Repine v. McPherson*, 2 Kas., 340; *Hargis v. Morse*, 7 Kas., 415. When we find it said in *Repine v. McPherson*, 2 Kas., 346., that in actions against non-residents the records must show a legal service or it will be deemed a nullity, we have supposed that the question was settled. Now, the record in this case does not show service; but it does show enough for it to clearly appear that it is a case where *Omnia præsumuntur* does not apply.

24—11 KAS.

4. The record being silent as to his being served, we had the right to prove that Bixby was not served, and had no notice, and was not a "non-resident." None of this proof contradicted any averment of the record. But even if it had done so, we were entitled to prove it by the weight of modern authorities, jurisdictional facts being always open to be disproved, unless they have been expressly adjudicated when defendant has had his day in court. 2 Phil. Ev., 199; 12 N. Y., 575; 12 Wend., 102; 6 Seld., 330; 1 Am. Lead. Cases, 615–621; 6 How., 163; 19 Iowa, 101; 4 Conn., 380; 1 Pet., 328; 2 Blackf., 108. The record did not estop Bixby from showing the fact of residence to defeat jurisdiction: 1 Greenl. Ev., § 33.

We do not pretend that a record can neither be added to nor subtracted from in a collateral proceeding. But where the law prescribes what shall be entered of record, the presumption is that the officer did his duty, and what is omitted cannot be supplied by presumption or proof. 17 Ohio, 430; 25 Ind., 473. Nor can the files be resorted to, to aid the record in a collateral proceeding. They are no part of the record. Nor can anything be treated as a record until it is enrolled. 2 Phil. Ev., 337, 338, 156; 9 Johns., 288. When the record has been destroyed, it seems the files may be resorted to. 2 Phil. Evidence, 351, note 376; *Hargis v. Morse,* 7 Kas., 415; *Hahn v. Kelley,* 34 Cal., 391.

5. The parol testimony offered is unsatisfactory. Perry does not know what the contents of the affidavit were. He only presumes it was sufficient because he thinks that as a lawyer he knew how to draw a good affidavit. But the proof as to publication is even more unsatisfactory. It shows that if twenty days were given to defendant to answer, there were not sixty-two days from the making of the affidavit until the answer was due. The clerk records the notice, but not the proof. Is not the presumption irresistible, that he did his duty as required by law, and recorded all there was?

*Albert Perry,* and *B. Seaver,* for defendant in error:

1. The sheriff's deed was presumptive evidence that the title passed to the purchaser. Comp. Laws, 200, § 450; *Bowman v. Cockerill,* 6 Kas., 310.

2. The statute giving two years for redemption has no application to the deed, as the note and mortgage were executed before the passage of the redemption-law: *Brown v. McKenzie,* 14 Curtis, 628. But if it were otherwise, the two years had long passed before the commencement of this suit.

3. The judgment was not void because the record showed no affidavit for publication. The destruction of the files by fire being shown, and it being shown by the appearance-docket and by testimony that such paper was filed, it should be *presumed* that such paper contained the requirements of the statute. This court in the case of *Hargis v. Morse,* 7 Kas., 415, intimates that in such cases a presumption arises in their favor. If so, it was incumbent upon the plaintiff, (if he could in this collateral proceeding,) to show the insufficiency of such affidavit.

The plaintiff sought to impeach the judgment by showing by his own testimony that he was a resident, and the case was not one where constructive service was proper. That he could have been served, does not appear. That a judgment *in rem* rendered under such circumstances is void, we can find no authority. A remedy was open when if judgment was so obtained to go into court within three years and have it opened.

This judgment must be presumed to have been rightly rendered. It is entitled to all the presumption of a judgment rendered by a court of general jurisdiction, and having jurisdiction of the subject-matter of the action. It is true, courts are divided upon the question whether a judgment rendered by a court of general jurisdiction not acting in the course of common law is to be presumed regular. We think that the weight of authority holds them entitled to the presumption of regularity. *Hargis v. Morse,* supra, and nearly

every authority, holds that they cannot be impeached or attacked in a collateral proceeding: 12 Curtis, 193; 19 Curtis, 198; 15 Ohio, 435, 477; 4 G. Greene, 383; 16 Ohio St., 177; 13 Ohio St., 446.

4. The plaintiff is estopped. He had stood by and seen lasting and valuable improvements made upon the land, and made no assertion of his title. The law of estoppel applies in all such cases: 2 Story Eq., § 1537; 10 Ohio, 288. He had actual knowledge of the sale, and of defendant's occupancy and improvements, before taking any steps to recover the land. A party who long acquiesces in judicial proceedings, however irregular, whether the sale was made with or without authority, is estopped from claiming the land. 2 Story Eq., §§ 1539, 1552, 1551; 23 Ind., 567; 2 Smith's Leading Cases, 764, 744, 769; 5 Ohio St., 307; 25 Penn. St., 282.

The opinion of the court was delivered by

BREWER, J.: Bixby brought his action of ejectment against Bailey to recover the possession of a quarter-section of land. Bailey in his answer claimed title by sheriff's deed, of record more than five years, by tax-deed, by decree of foreclosure, and sale thereunder, and by estoppel. On the trial a general finding was made in his favor upon all these defenses, except the tax-deed. Such a finding is of course equivalent to a finding of every fact necessary for these several defenses. The question for our determination is, as to the sufficiency of the testimony to establish these various defenses, or at least some one of them. And first, let us examine the title acquired by the decree of foreclosure, and sale thereunder. Service was made in the foreclosure suit by publication; and objection is made to the sufficiency of this service. That which is claimed to be lacking is the affidavit for publication, and the proof of publication. It appears that all the papers in this case were destroyed by fire some years since. Of course, the parties were then remitted to secondary evidence. Turning to the final record we find the petition, the notice of publication, and the

1. General findings.

2. Proof of judgment. Secondary evidence.

judgment. No affidavit for publication is copied, but there appear just before the notice these words: "And on the necessary affidavit being filed, the following notice was published, to-wit." No proof of publication is copied into the record; but between the notice and the judgment is entered this recital: "Proof of publication was duly sworn to by the publisher of the *Doniphan County Patriot.*" If we look to the appearance-docket we find these entries:— "To filing affidavit for publication, and entry, .15; To taking affidavit for publication, and entry, .35; To taking affidavit *Patriot*, (Printer's fee $12.00,) .35; To taking affidavit, .15." Albert Perry testified that he was the attorney of the plaintiff in the foreclosure suit; that he drew up the affidavit for publication; that it was sworn to by the plaintiff; that the affidavit stated non-residence as the ground for publication, and that the action was to foreclose mortgage; and that he had no recollection of ever drawing a defective affidavit. He also testified that he drew up the notice of publication; that it was published in the *Doniphan County Patriot;* that the then publisher, E. H. Grant, did not now live in the State; that he had looked for a copy of the paper containing the notice, but had been unable to find one; that he did not recollect what day of the week the paper was published, or the day of week or month the affidavit was filed, or time of the first or last insertion of the notice in the newspaper, or the number of insertions. The appearance-docket shows that the affidavit for publication was filed on the 8th of January, the day of filing the petition, and sixty-three days before the time for answer fixed in the notice. In this it contradicts the witness Perry, who thinks the affidavit was not filed until two or three days after the petition. There is also a recital in the judgment that the defendant had been duly served by publication in the *Doniphan County Patriot.* We think this testimony sufficient to sustain a finding of the regularity of the proceedings in the foreclosure suit. The district court is one of superior and general jurisdiction, and as such, at least when acting according to the course of the common law, is

presumed to act by right, and not by wrong. The whole record is presented, and not a fragment merely, as in the case of *Hargis v. Morse*, 7 Kas., 415. From that record it appears that every step was taken that the law requires to confer jurisdiction. True, by an accidental burning the files and papers in the case are destroyed. But the rights created by those proceedings are not lost by that destruction. True also, that two papers which should have been copied in the final record, were not; but this failure of the clerk will not avoid the proceedings. That such papers existed, is shown by the final record, the appearance-docket, and parol testimony. That the affidavit for publication disclosed one of the statutory grounds for such constructive service, to-wit, non-residence of the defendant, and that it was made by the plaintiff in the action, are shown by the parol testimony. That publication was made, and proof of it filed, is likewise shown. True, the parol testimony fails to show affirmatively that the affidavit for publication alleged that service of a summons could not be made in this state upon the defendant, that the notice of publication was first inserted sixty-two days before the answer-day, or that it was inserted in six successive issues of the paper, or that the proof of publication was full and complete. But on the other hand, there is nothing in the testimony to raise a suspicion that anything was lacking in these respects. Surely, under these circumstances the presumption which exists in favor of the regularity of the proceedings of superior courts of general jurisdiction ought to be sufficient to sustain this decree. Indeed, it would be questionable whether in face of such testimony, the proceedings of a court of inferior and limited jurisdiction could be declared void.

The next objection presented is this: Even though the proceedings of the court in the foreclosure suit were regular 3. Service; proof on their face, the plaintiff claims that he could of non-residence. show and did show by parol testimony that the defendant in that suit was at the time a resident of this state, and therefore could not be brought into court by publication.

Jurisdiction implies jurisdiction of the person as well as of the subject-matter. Jurisdiction of the person is acquired by appearance or service. There was no appearance. Service is made by summons, upon a resident; by publication, upon a non-resident, or one concealed, and beyond the reach of summons. Service in this case was by publication, but the defendant was a resident, and not concealed; therefore the publication was inoperative to bring the defendant into court, and the decree void for want of jurisdiction of the person. There is much dispute, and great conflict of authority, as to how far the adjudication of a court of superior and general jurisdiction as to the matter of service concludes the parties. We think it unnecessary in this case to enter into a discussion of that question, or an examination of those authorities. The curious will find the matter fully presented in 1 Smith's Leading Cases, 816; *Halm v. Kelly*, 34 Cal., 391; *Coit v. Haven*, 30 Conn., 190; Freeman on Judgments. For, conceding for the purposes of this case that inquiry may be made beyond the record, and against the adjudication of the court, into the sufficiency of the service, still we think there is not enough to justify us in setting aside the finding of the court below. There was some testimony on both sides, enough to sustain a finding against the plaintiff. The adjudication that service was duly made is *prima facie* evidence. That, the strongest opponents of its conclusions will admit. The affidavit of the plaintiff in the foreclosure suit of non-residence is also entitled to some weight. The only parol testimony tending to show residence is that of the plaintiff in this (who was the defendant in that) action. From that it appears that he was a single man, and for two or three years, including the time of the pendency of the foreclosure suit, absent from the state. It does not appear that he had any fixed home, or place of residence. He was for about a year enlisted and serving in the Missouri State Militia. After that service expired, he enlisted in the 14th Kansas Volunteers, and served with it a couple of years or so. While away in the Missouri militia his trunk was at a hotel in White Cloud;

and while with the Kansas regiment his trunk was somewhere in White Cloud. He says he intended all the while to return to Kansas on the expiration of his service. He returns to White Cloud, and remains there for about six years before commencing proceedings to recover this land. During all this time he paid no taxes on, or attention to it. Two conveyances had been made since the sheriff's deed, and valuable and lasting improvements placed upon the premises. Two witnesses, Dana Fox and Albert Perry, testify that Bixby was away during those years, and that they were informed he was a non-resident, and one of them knew of his being in St. Joseph, Missouri, and serving in the Missouri State Militia. Upon this testimony we are unwilling to disturb a finding that Bixby had so far lost his residence here that proceedings against him by publication were proper, and an adjudication of a competent court upon such service conclusive.

Again, it is insisted that under the law in force at the time of the decree and sale the debtor had two years to redeem, **4. Right of redemption.** and therefore the sheriff's deed was void. The note and mortgage were executed before the redemption-law, and therefore unaffected by its provisions. *Bronson v. Kinzie*, 1 How., 311. We think no defect is pointed out in the sheriff's deed which can be taken advantage of in this collateral manner. *Paine v. Spratley*, 5 Kas., 525. As the decision of these questions disposes of the case it is unnecessary to inquire into the sufficiency of the other defenses. The judgment of the district court is affirmed.

All the Justices concurring.