## S. R. GREENWOOD v. P. R. BEAN.

PRESERVING TESTIMONY; *No Presumption, that the Record Contains all the Evidence.* Where the record reads, that, "The plaintiff to maintain the issues on his part offered and produced in evidence the following testimony," then gives certain testimony, and adds, "The plaintiff having rested his case, the defendant to maintain the issues on his part offered only the following testimony," and after other testimony, then states, "Here defendant rested his case," and nothing is said about any rebutting testimony, nor concerning the case being then closed, and no affirmative statement is contained in the record that all the testimony is preserved, and one of the material findings of the court is based upon the conditions of a certain chattel mortgage, and said chattel mortgage is not contained in the record, *held,* that it does not appear that all the testimony on the trial is in the record, and that upon the record as thus submitted, we cannot say whether the findings of fact by the district court are against the evidence.

### *Error from Crawford District Court.*

QUESTIONS of practice only, are decided in this case. The district court, at the January Term 1876, gave judgment in favor of *Bean,* defendant, and plaintiff, *Greenwood,* brings the case here.

*Rucker Bros.,* and *C. D. Sayres,* for plaintiff.
*B. F. Pursel,* and *M. A. Wood,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The record in this case is in an unsatisfactory condition, and so much so, that it is impossible to pass upon the questions presented by the counsel for the plaintiff. The action was brought in the court below under section 568 of the code, by Greenwood against Bean, to vacate a judgment rendered in an action of replevin in the same court on 6th January 1876, in favor of said Bean and against said Greenwood, the former having been the plaintiff and the latter the defendant in said replevin action. In this action, the petition alleged that in the original action of Bean against Greenwood, the cause of action grew out of a chattel mortgage given to Bean by the firm of Sellers & Co., under which Bean claimed to have a special ownership in certain drugs, merchandise, etc., and by which he was entitled to the immediate possession of the personal property which had been levied upon as the property of Sellers & Co. by said Greenwood as sheriff of Crawford county, at the instance of J. W. Wood & Co., creditors of Sellers & Co.; that said chattel mortgage was given to said Bean to secure the payment of two promissory notes executed by Sellers & Co., and that before the institution of the suit in replevin by Bean, he had sold and transferred the notes to other parties and had no longer any interest therein; that Bean practiced fraud in obtaining the judgment, by his false statement, as a witness in his own behalf, that at the commencement of the replevin action he was the owner of the two notes. On the trial of this action, the district court, a jury having been waived, found among other conclusions of fact, that the right of Bean to recover in the replevin action against Greenwood depended upon his rights under the chattel mortgage executed to him by Sellers & Co., and that Bean neither committed fraud nor corrupt perjury in said action. The conclusions of fact are attacked as unsupported by the testimony in the case; and yet there is no copy of the said chattel mortgage con-

tained in the record, nor is the substance of said mortgage anywhere set forth. All that is shown concerning it is, that it was executed on the 15th of October 1874, to Bean by Sellers & Co., and was given to secure two promissory notes of even date therewith payable to Bean or order, and due the 15th days of March and October 1875. There is no affirmative statement that the record contains all the evidence. This is necessary, or its equivalent, to obtain a review in this court of conclusions of fact on the ground that they are against the evidence. Prior to the testimony the statement is, "The plaintiff to maintain the issues on his part offered and produced in evidence the following testimony." After certain evidence offered by the plaintiff, is this statement: "The plaintiff having rested his case, the defendant to maintain the issues on his part offered only the following testimony." Following the testimony produced by defendant, comes this statement: "Here defendant rested his case." Nothing is said about any rebuttal, nor concerning the case being closed, nor that the testimony then ceased. In this condition, and especially in view of the finding of fact by the court as to the chattel mortgage, we cannot say that all the testimony is given.

While it is true, as a general proposition, that the transfer of the two notes by Bean, would thereby transfer any security taken in the way of a chattel mortgage, yet the parties to such an instrument might provide otherwise, at least so far as the possession of the property was concerned; and in the absence of the full terms and conditions of such chattel mortgage, we are not at liberty to say whether the findings of fact by the court below were against the evidence or not. As was aptly remarked by this court in the case of *City of Topeka v. Tuttle*, 5 Kas. 425, it is the fault of the plaintiff in error, that the evidence is not all here; and if as a fact, all the testimony is contained in the record, it is the fault of such party, that an affirmative allegation to that effect, or some statement which would plainly show this, was not inserted in the record.

There can never be any reasonable excuse for such an omission, when we are called upon to decide whether the findings of fact are supported by the testimony.

In view of the record presented to us, we cannot say, as to the alleged errors in admitting certain testimony, whether they were material or not.

The judgment of the district court will be affirmed.

All the Justices concurring.