JOHN A. WINSTEAD, *et al.,* V. DAVID E. STANDEFORD.

1. GENERAL FINDING OF FACTS, *Conclusive in Supreme Court.* Where a case is tried by the court without a jury, and a general finding of facts is made upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the supreme court upon all doubtful and disputed questions of fact.

2. CASE-MADE, *Should Show all the Evidence.* Where a case is brought to the supreme court upon a "case-made," and it is desired that the supreme court shall review the evidence for the purpose of determining whether the court below erred in its findings of fact, the "case-made" should itself show that it contains all the evidence introduced on the trial, and no mere assertion of the attorneys for the plaintiff in error or of the clerk of the court below that the "case-made" contains all the evidence, will be sufficient.

*Error from Sedgwick District Court.*

ACTION brought by *Standeford,* against *Winstead* and two others, to recover on an account. Trial at September Term, 1877, of the district court, and judgment for plaintiff. The defendants bring the case here for review. The facts are sufficiently stated in the opinion.

*Adams, English & Ruggles,* for plaintiffs in error.

*Harris & Harris,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an account, in which both parties set forth in their pleadings their claims in separate items. The plaintiffs in error, who were defendants below, claim that the court below, on the evidence in the case, should have rendered judgment in their favor, instead of in favor of the defendant in error, plaintiff below, as the court below did. Whether the court below erred in so rendering said judgment, is the only question presented to this court by the plaintiffs in error. We cannot say, from the proceedings brought to this court, that the court below erred.

Of the items of the plaintiff below, we think the court might have found that $14,826.69 were admitted and proved—a portion of them being admitted in open court by the defendants, and the rest of them being proved by the plaintiff's evidence. Of the items of the defendants below, we think that $14,111 were admitted by the plaintiff—part in his petition, part in open court, and part in his own testimony. This leaves due to the plaintiff, $715.69. The various particular items mentioned in the brief of plaintiffs in error, defendants below, we would think were all explained to the satisfaction of the court. Passing over the plaintiff's items to those of the defendants, we would say that we think the item of the $109.80 check was satisfactorily explained and accounted for by the plaintiff. The items of the $374 note paid to Davis is included in the above aggregate of $14,111. The only other items of the defendants mentioned in their brief, are those for profits on hogs. The first is for $881.64. This is founded upon a supposed admission of the plaintiff, made long before this suit was commenced. But the plaintiff says he never made any such admission. He says, in his testimony on the trial, that he stated to the defendants that the profits were *about* $1,500, not including the costs and expenses, which were to be deducted from the profits. Whether the costs and expenses were more or less than the profits, is not shown. But the defendants were probably allowed by the court at least $450.87 for their half of these profits. The plaintiff and defendants were each to share one-half of the profits and one-half of the losses on the purchase and sale of hogs. The next item is $385.25 for hog profits. This, we should think, was allowed by the court below, the next and last item being $500 for hog profits. Now, whether the plaintiff made any profit on the hogs for which this item is charged, is immaterial, for the defendants had no interest in these hogs. The transaction was not a partnership transaction. The hogs belonged wholly to the plaintiff, and whatever profit he received, belonged to him.

The plaintiff admitted that the defendants should receive

$599.82 for hog profits, and this amount is included in the above aggregate amount of $14,111. But as the court below rendered judgment for the plaintiff for only $478.39, instead of for $715.69, the difference between the two above-named general aggregate sums, the court below probably allowed the defendants $837.12 for hog profits.

It must be admitted that the evidence in proof of some of the facts in this case is not very satisfactory, and that the court below might have made a different finding thereon from the one it did make; but still we cannot say that the court below erred in its finding. The finding was general in favor of the plaintiff and against the defendants for $478.39. Such a finding is a finding of every special thing necessary to be found to sustain the general finding. (*Knaggs v. Mastin*, 9 Kas. 532; *Bixley v. Bailey*, 11 Kas. 359.)

And it has already been settled by this court that such a finding is conclusive in this court upon all doubtful and disputed questions of fact. (*Ulrich v. Ulrich*, 8 Kas. 402; *St. L. K. C. & N. Rly. Co. v. Piper*, 13 Kas. 505; *Hobson v. Ogden*, 16 Kas. 388; *Gibbs v. Gibbs*, 18 Kas. 419; *Crane v. Chouteau*, 20 Kas. 288.)

Perhaps it would be better if the rule were allowed to extend only as far as the following cases apply it: *Brumbaugh v. Schmidt*, 9 Kas. 117; *Hyde v. Bledsoe*, 9 Kas. 399; *Clark v. Hall*, 10 Kas. 81. But undoubtedly the decisions of this court extend it further.

We have given this case more consideration than we need to have done. It comes here on a "case-made" for the supreme court. This "case-made" does not show or state that all the evidence introduced on the trial is contained in the "case-made." Neither does the judge's certificate state or show any such thing. The only things that tend to show or state any such thing, are the following. A notice is found appended to the "case-made," which reads as follows:

"To David E. Standeford, plaintiff, and Harris & Harris, your attorneys of record: The foregoing case-made is, on the 1st day of October, A. D. 1877, served upon you, and you

are required within three days from this day to suggest amendments thereto, in writing, to the defendants or to their attorneys, and in case of your failure to make and suggest amendments, in writing, within three days from this first day of October, A. D. 1877, the foregoing case-made will be taken as true and containing a full record of the case, *and all the evidence introduced*, and all the exceptions taken on the trial, and certified accordingly.

October 1st, 1877. ADAMS, ENGLISH & RUGGLES, *Attorneys for Defendants.*"

Whether this notice was ever served upon the plaintiffs or upon any other person, is not shown.

The clerk of the court below appends a certificate to the "case-made," showing as follows: "I, C. A. Vanness, clerk, do hereby certify the above and foregoing to be a true, full and correct copy of the record, including all pleadings, *evidence*, motion for a new trial, and journal entries in the cause," etc.

Now the foregoing notice and certificate are not sufficient to show that the "case-made" contains all the evidence. The "case-made" should itself show it, or at least it should be shown by something which has received the approval of the judge as to its correctness. Said notice shows merely what defendants' attorneys say upon the subject, and said certificate shows merely what the clerk says upon the subject.

Taking the "case-made" alone, this case is very much like the case of *Greenwood v. Bean*, 20 Kas. 240. Within that authority and the authority of the case of *Dewey v. Linscott*, 20 Kas. 684, we might say that we have all the evidence-in-chief of both the plaintiff and the defendants. But we cannot say that we have all or any of the rebutting evidence. There is nothing in the "case-made" or elswhere that shows that the evidence was closed when the defendants rested their case; and from the nature of the evidence then already introduced, and from the presence at the trial of the plaintiff himself as a witness, it would seem very strange that the evidence should have then been closed. From what is shown in the "case-made," it would seem probable that the evidence

18 — 21 KAS.

was not closed when the defendants rested their case, and if not, then we are not in the possession of all the evidence introduced on the trial, and if we are not in the possession of all the evidence introduced on the trial, we cannot tell with any degree of certainty what was proved or what was disproved.

The judgment of the court below will be affirmed.

All the Justices concurring.