Martin v. Hoffman.

---

L. T. MARTIN *et ux.* v. ELLEN K. HOFFMAN.

No. 15,352.    (93 Pac. 625.)

SYLLABUS BY THE COURT.

1. VERDICT—*Scope.* A general finding in favor of either party is a finding in his favor of all facts necessary to constitute his claim.

2. EVIDENCE—*Review.* Oral evidence upon which a finding is made cannot be reviewed in this court, except so far as may be necessary to determine whether there was competent evidence sufficient to support the finding.

3. ——— *Letter Introduced and Identified—Secondary Evidence of Contents.* It is a general rule that where a witness has identified a letter introduced on the trial as his writing it is

not proper to ask whether statements such as counsel may suggest are contained in it, the letter being the best evidence of the fact.

Error from Phillips district court; ABEL C. T. GEIGER, judge. Opinion filed January 11, 1908. Affirmed.

*C. A. Lewis, Cornelius Gant,* and *Homer Kennett,* for plaintiffs in error.

*W. A. Barron, Mahin & Mahin,* and *C. M. Miller,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The defendant in error, Ellen K. Hoffman, commenced this suit against the plaintiffs in error (her daughter and her daughter's husband) to quiet her title to a tract of land, alleging that she was the owner and in possession thereof.

The answer contained a general denial, and a statement, in substance, that upon the death of Mr. Hoffman, the plaintiff's husband, it was verbally agreed that the plaintiff, his widow, should have all his property during her life, and that then it should become the property of her daughter, defendant Ella H. Martin; that after this understanding, however, a will was found giving the entire property to the widow, except certain notes against L. T. Martin, which were given to his wife, Ella; that by coöperation of all the parties the land in question was purchased by them jointly, the plaintiff contributing $2500 and the defendants $1000 of the consideration, under an arrangement that they should occupy it together; that they accordingly took possession of the land, and so occupied it jointly, treating it as their joint property, but that defendants accounted to the plaintiff for the present use thereof, the defendants making large improvements thereon, of which no accurate account was kept; that in the year 1904 the plaintiff removed to another state, the defend-

ants remaining in possession, the plaintiff giving to them an instrument as follows:

"LONG ISLAND, KAN., July 19, 1904.

"This is to certify that I have rented my farm, the N. E. $\frac{1}{4}$ sec. 23, town. 1, range 20, to L. T. Martin and Ella H. Martin, and they can make any improvements necessary to their comfort or that is required on place, it being understood between me and my daughter, Ella, that the place is to be hers at my death. But if I should sell the place I must first pay them for any improvements whatsoever that they have put on the place.

ELLEN K. HOFFMAN."

The answer further stated that L. T. Martin was elected county clerk in 1904, and after consultation with the plaintiff rented the premises for $600 per year, of which she, the plaintiff, was to have $500, and that the tenant had been in possession since March 1, 1905, but that the tenant refused to pay the rent for 1905, because he had been notified by the plaintiff that he must not do so. The defendants further alleged that they had treated the plaintiff as children should treat a parent, and were desirous of preserving the premises as a home for her in her declining years, as it was the intention that it should be, and that it should remain to defendant Ella H. Martin when the plaintiff was done with the use of it.

The reply included a general denial and a statement that in making such purchase the defendants had furnished a house and lot, which was put in at $1000, under a verbal contract that the plaintiff should pay them $1000 therefor, which she had paid in full.

The tenant intervened in the action, reciting his promise to pay $600 rent, that both parties claimed it, and asking for the orders of the court thereon.

Before the trial, on motion of the plaintiff, the court ordered the clerk to pay her $300 out of the rents paid in by the tenant, which was done. The judgment was for the plaintiff.

The defendants ask for a reversal for error in allow-

ing such payment of rent to the plaintiff, and because of alleged erroneous rulings concerning evidence, in overruling the demurrer to the evidence, in rendering final judgment, and in refusing a new trial.

Upon the pleadings and the admission that the title to the farm was taken in the name of the plaintiff two principal issues of fact were presented, viz.: Whether the plaintiff was in possession when the suit was brought, and whether the $1000, admitted to have been furnished by the defendants, was advanced upon an agreement that they were to have a present interest in the land therefor, as alleged in the answer, or whether that sum was to be repaid to them, as alleged in the reply. As stated by defendants, "this is the storm-center around which all the evidence hovered." This was the vital question upon the merits of the case. If the Martins put in their house and lot to assist Mrs. Hoffman in making up the consideration upon her agreement to pay them $1000 therefor, and she did afterward pay it, then they cannot hold an interest in the land merely because they furnished part of the consideration. If, on the other hand, they so contributed this amount in pursuance of an agreement to purchase the land jointly for the use and benefit of all, then it may be urged that Mrs. Hoffman holds the title as a trustee to the extent of their interest. This issue, however, was determined against the defendants by the general finding for the plaintiff. It was, as conceded, an important issue under the pleadings, and, no special findings having been requested, it was resolved against them by the general finding for the plaintiff. A general finding in favor of either party is a finding in his favor of all of the facts necessary to constitute his claim or defense. (*Bixby v. Bailey,* 11 Kan. 359.)

It was necessary for the plaintiff to prove that she was in possession. This she alleged and the defendants denied. This issue was also determined in her favor by the general finding. This finding established gen-

· Martin v. Hoffman.

erally the plaintiff's title and possession, and if no other interest was shown in the defendants was sufficient to support the judgment.

In the argument counsel for the defendants urge that their clients had an interest to the extent of $500 and more for improvements, and refer to the last clause in the instrument of July 19, 1904, as supporting that claim. No such interest, however, was pleaded. The only reference to this matter in the answer, aside from the recital ·in the agreement copied therein, was this clause: "and making large improvements thereon by defendant L. T. Martin, of which no accurate account was kept." This was not pleading an interest based on improvements, but was matter of inducement in the statement of the general claim, based on the alleged joint purchase and resulting common ownership, which claim, as we have seen, was disposed of by the finding. If the clause in the instrument of July 19, 1904, reciting "if I should sell the place I must first pay them for any improvements whatsoever that they have put on the place" should be construed to give them the right of possession until such payments were made, then it appears that they voluntarily yielded such possession. The evidence clearly shows that the defendants urged Mrs. Hoffman to lease the place to another, informing her of their intention to leave, and advising that the place should not be left vacant. In referring to the amount for which they said they had leased the place and in obtaining her consent thereto they made no claim for any part of the rent, and made no suggestion of any possible lien for improvements, although they did at another time ask for a note for the amount they claimed to have expended for that purpose. It is true that Mr. Martin executed the lease in his own name, but there was nothing in the correspondence to indicate to Mrs. Hoffman his intention to do so, nor did he report that fact to her, and when asked for the lease failed to send it or a copy of it. In the circumstances Mrs.

Hoffman was amply warranted in supposing that the lease had been executed in her own name, and that the rents were hers.

The evidence upon which the general finding for the plaintiff was based cannot be reviewed in this court, except so far as to determine whether there was competent evidence sufficient to support the finding. (*Donaldson v. Everhart,* 50 Kan. 718, 32 Pac. 405; *Briggs v. Brown,* 53 Kan. 229, 36 Pac. 334; *Railroad Co. v. Swarts,* 58 Kan. 235, 48 Pac. 953.)

Complaint is made of the rulings of the court in the admission of evidence. On cross-examination of the plaintiff as a witness she identified a letter written by her, and was then asked: "And in that letter you say—". At that point an objection was made, and the objection was sustained. The purpose of counsel in asking the question was not disclosed, but they now say in their brief that "every word that was written in that letter might have been repeated to the witness and she asked whether that was her statement at that time." But she had said so in effect, for she had admitted that she had written it. If they meant to repeat parts of the letter and then ask if she made the statements so repeated, then the rule as stated in Greenleaf applies, viz.:

"And if he [the witness] admits the letter to be his writing, he cannot be asked whether statements, such as the counsel may suggest, are contained in it, but the whole letter itself must be read, as the only competent evidence of that fact." (1 Greenl. Ev., 16th ed., § 463. See, also, Jones, Ev. §§ 232, 850; *Glenn v. Gleason et al., Ex'rs,* 61 Iowa, 28, 15 N. W. 659.)

Notwithstanding this rule, it may be that where the purpose of counsel is to use an extract from the writing as a basis for some inquiry fairly tending to test the witness's memory or credibility it ought, in the exercise of a wise discretion, to be permitted. (Wig. Ev. §§ 1259, 1260.) No such purpose, however, was indicated, and, counsel having read the letter in evidence,

Telegraph Co. v. Gilstrap.

no injury could have resulted from the ruling, and under the authorities there was no error in this respect.

The same witness, over the objection of the defendants, was allowed to testify that she was "living on the premises when the suit was commenced." This was objected to as a conclusion. It is true that her possession was an issue in the case; still, we think that where she was living was a fact. Yet, if it was a mere conclusion from other facts, they were also given. Thus she related when she went to the farm, that her household goods were there, and that she ate and slept there.

Some other minor objections to testimony were made, but we find no error in the rulings thereon.

Error is also predicated upon the order allowing the plaintiff to receive $300 of the money paid into court by the tenant. As the defendants admitted that $500 of this fund belonged to her it is clear that they were not prejudiced by the order.

Upon an examination of the record we conclude that the case was fairly tried, that the rights of all the parties were properly protected, and that there was no error in the proceedings prejudicial to the defendants. The judgment is affirmed.