No. 22,335.

LENOX HALL, *Appellant*, V. A. B. SEELYE, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT—*School Expenses—Payment for Extras—Demurrer to Evidence*. The evidence failing to show any contract for extras, it was not error to sustain a demurrer to the evidence introduced for the purpose of showing that they were furnished.

2. SAME—*School Expenses—Contract Need Not Be in Writing—Erroneous Instruction*. It was error to charge that the contract to receive the defendant's daughter into the plaintiff's school needed to be in writing, as the facts showed her actual acceptance as a pupil, which was sufficient.

3. SAME—*Nonperformance of Contract by Plaintiff—Findings*. The main contention was as to performance or nonperformance by the plaintiff of the terms of the contract, and in the absence of special findings the general verdict in favor of the defendant fairly signifies that the jury found the services were not performed, and from all the facts and circumstances shown by the record the error is deemed harmless.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed June 5, 1920. Affirmed.

*R. H. Seeds,* and *C. S. Crawford,* both of Abilene, for the appellant.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover upon a contract by which the defendant's daughter had entered its school for the year beginning September, 1916, and ending June, 1917, claiming an unpaid balance due of $330. The second cause of action was for alleged extras furnished in the sum of $30.20. The defendant denied entering into the contract as alleged, and averred that if any was made it was void under the statute of frauds, and denied the correctness of the account set out in the second cause of action, but admitted the payment of $430.

It seems that the school catalogue provided among other things that pupils, unless entered with written agreement to

the contrary, were received only for the full school year or such part as remained after their entrance—

"And are accepted with the understanding that parent or guardian is financially responsible for full payment for the full year or such part as remains after entrance."

The application for entrance covered the school year at $760, including extras—piano, harmony (twenty-five lessons) and physical education. The principal wrote the defendant's wife:

"Under the list of extras you will notice that private lessons in Harmony, one lesson per week, is $25.00 per term of 25 lessons,   .   .   . Therefore with the two extras in addition to piano, the price for board and tuition for the year would be $760.00,   .   .   ."

The founder, president and principal of the school testified that she did not know any cause or reason why the pupil failed to return after the Christmas holidays. Her secretary wrote to the defendant and his wife in October that the music teacher had been giving the pupil private lessons in harmony, as it seemed there had been no class in harmony formed for that year—

"In talking it over with Mr. Moll, however, he assures us that it will be necessary for Marion to have full lessons in harmony to graduate, and I feel very sure that you will not object to the extra charge for this. Mr. Moll's charge per lesson is $3.00, and as we do not know just how many lessons it will take to give her the required amount of harmony, that is, whether it will take all or part of the second semester, perhaps the better way would be to make the charge for these lessons as they are taken. In Marion's contract, $25.00 was allowed for the class harmony, so, this amount stands to her credit, and we will charge the harmony lessons against this amount."

In reply the mother wrote that she had inferred there would be a class in harmony, or her money would not have been accepted; that she was afraid music, which she desired to be the principal work, was being sacrificed for the literary work, and from what she could read between the lines in her daughter's letters the mother concluded music hours were not regular and were being shortened to give time for other things. Further, that she and her husband were not quite satisfied that the daughter was receiving the benefit from her work they had hoped for, and were undecided whether she would continue for the second semester or not. The pupil testified that she was enrolled for a course in harmony, but that she had no

class lessons in harmony, but on the other hand was required to take private lessons in the course and to pay $3 a piece for them.

The head of the school testified that she furnished the extras sued for in the second cause of action, "some of them being by her request," and acted on her own judgment because she had charge of the child's education, but did not consult the father, who signed the contract, and that the charges were reasonable.

The defendant recovered in the action, and the plaintiff appeals, assigning as error the sustaining of the demurrer to the evidence on the second cause of action, the giving of improper instructions to. the jury, and the denying of a new trial.

It is asserted that the witnesses for the plaintiff testified that items set out in the second cause of action were just and reasonable, but as the correspondence shows no contract for these extras, the court properly sustained the demurrer to this evidence.

Complaint is made that the jury were charged four different times that before they could find for the plaintiff it was necessary to find that the application was received and accepted in writing. The abstract shows that the jury were thus charged twice inferentially and once directly, but counsel for the defendant say this was harmless error because the evidence showed that the plaintiff did not perform its agreement, and this was the important issue in the case.

The reception of the pupil pursuant to the written application was entirely sufficient without acceptance in writing, and was just as valid and binding as any written acceptance would have been.

The jury were also instructed that if they found and believed from the evidence—

"That the plaintiff has not performed all the terms and conditions of the contract in question, . . . your verdict and finding should be for the defendant."

From the scattered items of evidence found in the abstracts the jury seem to have been well justified in concluding that the services desired and contracted for were not performed. It is quite plain that the daughter was sent to the plaintiff's school for instruction in piano and harmony for a school year, for which $760 was to be paid, and that piano and harmony

were the subjects least taught her. Quite naturally, therefore, the mother, after so intimating and advising the president, took her daughter out. Usually a general verdict for the defendant is equivalent to a finding against the plaintiff on all the issues necessary to his recovery. (*Bixby v. Bailey*, 11 Kan. 359; *Martin v. Hoffman*, 77 Kan. 185, 93 Pac. 625; *Barrett v. Dessy*, 78 Kan. 642, 97 Pac. 786.) As the evidence showed a payment of $430 on account of tuition, and no disposition to withhold the remainder for any reason except failure to teach the desired subjects, it is hardly possible that the instruction so misled the jury as to cause them to base their verdict on failure to accept the contract in writing.

There was apparently no question at the trial as to a written acceptance, but the testimony was practically all addressed to the question of providing the instruction contracted for. Hence, there is no just ground for holding that the wrong instruction was the cause of the plaintiff's failure to prevail, and in view of all the facts and circumstances shown by the record, we are constrained to hold the error in this respect harmless.

The judgment is affirmed.

PORTER, J., dissents.