EDWARD ARN v. FREDERICK HOERSEMAN, *et al.*

1. GENERAL FINDING OF FACTS, *Conclusive in Supreme Court.* Where a case is tried by the court without a jury, and a general finding of facts is made upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the supreme court upon all doubtful and disputed questions of fact. (*Winstead v. Standeford,* 21 Kas. 270.)

2. CREDITOR, *Preference of.* A debtor, even when financially embarrassed, even when in failing circumstances, has a right to prefer one creditor over another, and to pay such preferred creditor, or to convey property to him in satisfaction of the debt, or to mortgage property to secure the debt; but, of course, the preferred creditor must act in good faith, and must not obtain more than is honestly and justly due him; and if he does so act in good faith, he does not become liable to any other creditor, although his act, with that of the debtor, may have the effect to wholly defeat the collection of all the other creditors' claims.

*Error from Wyandotte District Court.*

ACTION brought by *Arn* against *Hoerseman* and three others, to set aside certain deeds. Trial by the court at the April Term, 1879, when the court found generally for the defendants and against the plaintiff, and gave judgment accordingly. *Arn* brings the case here. A sufficient statement of the facts is contained in the opinion.

*Wm. S. Carroll,* for plaintiff in error.

*Nathan Cree,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Edward Arn against Frederick Hoerseman, Frederick Jansen, Joseph Hoerseman, and E. L. Buesche, to set aside certain deeds of conveyance, claimed to have been executed for the purpose of hindering, delaying and defrauding the creditors of Frederick Hoerseman. A trial was had before the court, without a jury, and the court found generally in favor of the defendants and against the plaintiff, and rendered judgment accordingly. No special findings were made by the court below. The

plaintiff now brings the case to this court, and asks that the judgment of the court below shall be reversed, on the ground that it is not sustained by sufficient evidence, and is against the evidence.

The evidence showed that Edward Arn was a creditor of Frederick Hoerseman. It also showed that Frederick Hoerseman executed certain deeds of conveyance which had the effect to hinder and delay, and possibly to defeat, Edward Arn in the collection of his debt. But it is claimed by the defendants that the evidence does not show that these deeds were executed with any intention on the part of Hoerseman of hindering or delaying Edward Arn, or any other creditor, in the collection of his debt. The evidence also tended to show that these deeds of conveyance were executed by Frederick Hoerseman for the purpose of paying other creditors, and that while Frederick Hoerseman may possibly have intended to hinder and delay Edward Arn in the collection of his debt, yet that his principal intention was to pay other creditors — or in other words, that Frederick Hoerseman simply intended to prefer other creditors to Edward Arn.

We do not think that the plaintiff sufficiently proved his case; for while he probably introduced sufficient evidence to show that Frederick Hoerseman executed the deeds of conveyance with the intention of hindering, delaying, and possibly defrauding Edward Arn, yet the evidence does not sufficiently show that the parties accepting such conveyance had any knowledge of Frederick Hoerseman's supposed fraudulent intent, or that they participated in the supposed fraud. There was perhaps sufficient evidence introduced as against Joseph Hoerseman to raise a suspicion that he might possibly have had knowledge of Frederick Hoerseman's intent, and that he participated therein; but there was not sufficient evidence to prove the same, and there was sufficient countervailing evidence, if taken alone, to prove directly the reverse. And there was really no evidence against the other defendants, Frederick Jansen and E. L. Buesche.

We cannot reverse the general finding of the court below.

We cannot reverse it even with reference to Frederick Hoerseman; for, as we have said in other cases, "Where a case is

**1. General finding of facts, conclusive in supreme court.** tried by the court without a jury, and a general finding of facts is made upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the supreme court upon all doubtful and disputed questions of fact." (*Winstead v. Standeford*, 21 Kas. 270.) But even if we could reverse the general finding of the court below with regard to Frederick Hoerseman, still we could not reverse the finding as to the other defendants, and therefore we could not reverse the judgment. The instruments of conveyance more particularly complained of were a deed and a mortgage executed by Frederick Hoerseman to his brother, Joseph Hoerseman, but the evidence shows that this deed and mortgage were executed for the purpose of paying and securing debts to Joseph Hoerseman, and that Joseph Hoerseman had no intention of defrauding any creditor of Frederick Hoerseman, but only to procure payment and security of his own debt; and although this deed and mortgage had the effect to hinder and delay, and possibly to defeat the collection of the debt from Frederick Hoerseman to Edward Arn, yet it is not such a hindering or delaying of creditors as renders the deed or mortgage invalid. They simply have the effect to give Joseph Hoerseman priority in the collection of his debt, and do not deprive Edward Arn of any legal right that he may have, for no creditor has a legal right, independent of a specific lien, to any priority over the other creditors, and

**2. Creditor, preference of.** the debtor has a right, even when financially embarrassed, even when in failing circumstances, to prefer one creditor over another, if he chooses to do so. This is necessarily so, for if he could not prefer one creditor over another, it would be difficult for him to pay any creditor. Of course the preferred creditor must act in good faith, and must not obtain more than is honestly and justly due him ; and if he does so act in good faith he does not become liable to any other creditor, although his act, with that of the debtor, may have the

effect to wholly defeat the collection of all the other creditors' claims. He is not obliged to look out for the welfare of other creditors, nor to consider whether their claims shall be collected or not, and he does not violate any statute or any principle of ethics or morals by simply obtaining payment of his own debt. The finding of the court below is a virtual finding that all the parties acted in good faith.

The judgment of the court below will be affirmed.

All the Justices concurring.