Howard, *Sheriff*, v. Rohlfing & Co.

5. Damages, not excessive.

---

## CHARLES HOWARD, *as Sheriff of Ellis County, et al.*, v. ROHLFING & CO.

| 36 | 357 |
| 39 | 214 |
| 39 | 215 |
| 36 | 357 |
| 45 | 54 |
| 45 | 59 |
| 45 | 349 |
| 45 | 624 |
| 36 | 357 |
| 49 | 747 |
| 36 | 357 |
| d56 | 505 |

1. CHATTEL MORTGAGE, *When Not Void.* Where a chattel mortgage is given upon a stock of goods, and by agreement outside of the mortgage the mortgagor is to remain in possession of the goods until the maturity of the note secured by the mortgage, and is permitted to continue his business and dispose of the goods in the ordinary way, and apply the proceeds of his sales toward the payment of the note secured, and the transaction is entered into by all the parties in good faith, the mortgage is not void, although the mortgagor fails to account to the mortgagees for the proceeds from his sales, as he ought to have done.

2. ————— *Frankhouser v. Ellett*, 22 Kas. 127, followed.

*Error from Ellis District Court.*

ON September 5, 1882, Henry W. Wulfekuhler and Frederick Wulfekuhler, partners as *Rohlfing & Co.*, commenced

their action to recover the value of a certain stock of goods alleged to be worth $1,222.28, with interest from January 30, 1882, which the petition stated belonged to John G. Tracy, of Hays City, but in which the plaintiffs had a special owner-ship on account of a chattel mortgage given by the said John G. Tracy to them, and filed in the office of the register of deeds of Ellis county on January 31, 1882, to secure said sum of $1,222.28; and which said stock of goods included in said mortgage was seized and disposed of by said Charles Howard. On September 30, 1882, the defendants filed a demurrer, alleging that the petition did not state facts suffi-cient to constitute a cause of action. On May 22, 1883, the demurrer was overruled by the court, and the following par-ties were also made defendants: William B. Grimes, William S. Woods, Felix La Force, and Joseph H. Dayton, partners in business as Grimes, Woods, La Force & Co.; and thirty days were given to file an answer, and sixty days given to plaintiffs to plead thereto. On August 4, 1883, the defend-ants filed their answer, with the consent of the plaintiffs, al-leging among other things that Charles Howard, as sheriff of Ellis county, seized the stock of goods stated in the petition, by virtue of an execution issued out of the district court of Ellis county, upon a judgment rendered in favor of Grimes, Woods, La Force & Co., against John G. Tracy; and that at the time he had no notice that the plaintiffs had any claim or interest in said goods. Subsequently, plaintiffs filed their reply to the answer. Trial at the November Term, 1884, a jury being waived. After the introduction of all the evidence, and argument of counsel, the court took the matter under ad-visement until May 18, 1885, and then made the following findings of fact:

"*First.* On the 31st day of January, 1882, one John G. Tracy, who was then engaged in the mercantile business as a merchant, in Hays City, Kansas, and being indebted to the plaintiffs, Rohlfing & Co., in the sum of twelve hundred twenty-two and $\frac{28}{100}$ dollars, executed and delivered to the said Rohlfing & Co. his certain promissory note for said amount, payable in six months from said date, with interest thereon from date until paid, at the rate of twelve per cent. per annum.

"*Second.* At the time of the execution of said note, and to secure the payment of the same, the said John G. Tracy made, executed and delivered to the said Rohlfing & Co. his certain chattel mortgage upon his, the said Tracy's, stock of goods, wares, merchandise, showcases and store fixtures, then being and situated in a certain two-story stone building on lot No. 9, in block No. 5, Hays City, Kansas, in which building the said Tracy was carrying on his business as merchant.    The said goods, wares, merchandise, showcases, and scales, and the premises where situated, were fully and particularly described in said mortgage.

"*Third.* By the terms of said mortgage, and an oral agreement entered into between the plaintiffs in this case and the said Tracy, at the time of the execution of said mortgage, the said John G. Tracy was to remain in the possession of said mortgaged property until the maturity of said note, and sell the goods, wares and merchandise so mortgaged in the ordinary manner, and apply the proceeds of said sale toward the payment of said note and interest.

"*Fourth.* Said Rohlfing & Co. immediately, on the said 31st day of January, 1882, filed said mortgage in the office of the register of deeds of the county of Ellis, state of Kansas, as required by law.

"*Fifth.* Said indebtedness from Tracy to the plaintiffs in this case was for goods, wares and merchandise sold by plaintiffs to Tracy a long time prior to the execution of said note and mortgage.

"*Sixth.* Said indebtedness from said Tracy to plaintiffs is still wholly unpaid, and said note and mortgage have always remained the property of these plaintiffs.

"*Seventh.* Charles Howard, as sheriff of Ellis county, Kansas, on the 8th day of March, 1882, by virtue of an execution issued out of the district court of Ellis county, Kansas, in an action therein tried and determined, wherein the said Grimes, Woods, La Force & Co. were plaintiffs and the said John G. Tracy was defendant, levied upon, seized and sold a portion of the goods, wares and merchandise so mortgaged as aforesaid, of the value of one hundred and twenty-five dollars, and applied the proceeds thereof toward the payment of the judgment of Grimes, Woods, La Force & Co., against the said John G. Tracy.

"*Eighth.* Grimes, Woods, La Force & Co., by their attorneys, directed the seizure and sale of said goods, wares and

merchandise, taken upon said execution as aforesaid, and received the proceeds of said sale as a part payment upon their said judgment against Tracy.

"*Ninth.* Defendants had notice of the execution of said mortgage as aforesaid, and said indebtedness as above stated, before the levy of said execution."

Thereon, the court made the following conclusions of law:

"1st. Plaintiffs' mortgage is a valid mortgage upon the property mortgaged, and was at the time of the levy of the execution thereon and the sale thereof by the said defendants as against defendants and all other persons.

"2d. Defendants wrongfully took and converted to their own use property mortgaged to plaintiffs by the said John G. Tracy, as stated in the findings of fact, of the value of one hundred and twenty-five dollars.

"3d. Plaintiffs are entitled to recover of and from the said defendants the value of the said goods, wares and merchandise so wrongfully taken, being the said sum of one hundred and twenty-five dollars, together with interest thereon from the 8th day of March, 1882, until the present time, at the rate of seven per cent. per annum, making the total sum of debt and interest of one hundred and fifty-two dollars and seventy cents."

To all the findings the defendants excepted. Their motion for a new trial was overruled. Thereupon, judgment was entered for the plaintiffs and against defendants for $152.70, with interest thereon, together with all the costs. The defendants bring the case here.

*D. C. Nellis*, for plaintiffs in error.

*H. L. Pestana*, and *Chas. A. Hiller*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The issues in this case were submitted to the trial court with the request that it find the facts specifically, and state its conclusions of law thereon. This was done. An exception was properly taken to the conclusions of law, and error is assigned thereon.

The question is, whether upon the findings of fact the case

of *Frankhouser v. Ellett*, 22 Kas. 127, or *Leser v. Glaser*, 32 id. 546, controls.   In the former case it was decided that—

"The statute authorizes a stipulation in a chattel mortgage for a retention of possession by the mortgagor, and that a possession retained in accordance with the terms of such mortgage is not, when the mortgage is duly filed, *per se* fraudulent, or even *prima facie* evidence of fraud as against creditors or subsequent purchasers."

And it was further decided in that case, that—

"Where a mortgage is given upon a stock of goods, and by agreement outside the mortgage the mortgagor is permitted to continue the business and dispose of the goods in the ordinary way, and use some portion of the proceeds in the support of his family, the transaction will be upheld or condemned according as it is entered into and carried out in good faith, or not.   The mortgagor, if he may keep the possession, may as well make the sales as a stranger.   He acts, in that respect, as a *quasi* agent at least of the mortgagee, and as such agent and salesman is entitled to compensation for his services."

In the latter case it was held that—

"In the case of a chattel mortgage, where the mortgagor is permitted to have the entire possession of the property with the power to sell the same and dispose of the proceeds thereof as he may choose, the mortgage should generally be held to be void as against the mortgagor's creditors."

This case comes fully within the principle declared in *Frank-Houser v. Ellett*.   By the terms of the mortgage and the oral agreement entered into between the mortgagor and mortgagees at the time of the execution of the mortgage, the mortgagor was to remain in possession of the mortgaged property until the maturity of the note, and sell the goods, wares and merchandise in the ordinary manner; but he was to apply the proceeds thereof toward the payment of the note secured by the mortgage.

Case, followed.

In the case of *Leser v. Glaser* the mortgagors were not only permitted to continue in possession of the mortgaged property, and to sell and dispose of the same in the ordinary course of trade, at retail, but they were permitted to do this

without accounting for the proceeds or applying the same in liquidation of the mortgage debts or any other debts.

It is apparent from the findings, that at the time of the execution of the chattel mortgage in controversy, the parties entered into the same in good faith. Subsequently the mortgagor failed to account for the proceeds from his sales, as he ought to have done; but this does not render the mortgage void. It may be possible that the mortgagees will be chargeable as against other creditors with the amount sold by the mortgagor, whether applied on their debt or not. (Herman on Chattel Mortgages, 247; Jones on Chattel Mortgages, § 425.)

<div style="margin-left:2em"><em>Chattel mortgage, when not void.</em></div>

It is unnecessary, perhaps, to say that the writer of this adheres fully to his views expressed in his dissenting opinion in *Frankhouser v. Ellett*, on the ground that mortgages of this kind open a wide door for fraud, and therefore should not be favored or upheld; but a majority of the court differ from him in these matters.

The other questions presented are not important, and in no event afford any reason for vacating the findings or judgment. The mortgagor was not authorized by the mortgagees to turn over any of the goods to other creditors, or to sell the same in bulk.

The judgment of the district court will be affirmed.

All the Justices concurring.