C. C. Whitson v. J. W. Griffis, *as Sheriff of Chase County*.

1. Chattel Mortgage, *Not Void*. Where a chattel mortgage is given, by the terms of which the mortgagor receives some benefit therefrom, *held*, that the mortgage is not for that reason void, provided such provisions are made in good faith, although the property is thereby placed out of the reach of creditors.

2. Evidence; *Proper Instruction*. Where the evidence shows that the mortgagor is a stepdaughter of the mortgagee, and that they lived together as members of one family, it is proper for the court to instruct the jury that such facts may be taken into consideration by them in determining the good faith of the transaction.

3. Chattel Mortgage — *Possession and Sale by Mortgagor, When not Fraudulent*. Where a mortgage is given on a stock of goods, with a stipulation for possession thereof by the mortgagor, and by agreement outside the mortgage the mortgagor is permitted to continue disposing of the goods in the ordinary course of business, and to use a portion of the proceeds thereof in the support of his family, paying the remainder over in the discharge of the mortgage debt, the whole transaction is not thereby as matter of law rendered fraudulent and void as against creditors, but will be upheld or condemned according as the arrangement is entered into and carried out in good faith or not.

*Error from Chase District Court.*

Action brought by *Whitson* against *Griffis*, as sheriff of Chase county, to recover the possession of a stock of goods in which plaintiff alleged that he had a special ownership. At and before December 28, 1885, one M. E. Breese was the owner and in possession of a store at Cottonwood Falls, in said county, upon which day she executed to the plaintiff a chattel mortgage on all the stock of goods and fixtures contained therein, to secure the payment of a promissory note executed to him for the sum of $900, payable three months after date. Said chattel mortgage had a condition in it as follows:

"That the said party of the first part, M. E. Breese, shall remain in possession of the property hereby conveyed, and may sell and dispose of the same or any part thereof, upon

the following conditions, to wit: That she shall keep an account of all sales made by her each day, in a book kept for that purpose, and that prior to the close of banking hours in each day shall deposit in the Cottonwood Falls or Chase County National Bank, to the order of the second party, the proceeds of all sales made up to the time of deposit, less such amounts of necessary change as may have to be kept on hand for the purpose of the trade after the hours of deposit; the amounts so retained each day shall be shown by a cash book; the first party shall have a right to obtain from the proceeds of such sales aforesaid, the necessary expenses attending the selling and care of said property, including store rent, fire, lights, fuel, clerk hire, and also reasonable living expenses of said party of the first part, and her family, while she devotes her time to the business of selling and disposing of said property, for the purpose of paying said indebtedness. ˙ And for the purpose last mentioned as aforesaid, said party of the first part shall have the right to draw upon the funds arising from such sales, subject to the approval of the second party, and such draft or order shall state the purpose for which it is drawn, upon its face; that whenever it is necessary to purchase any articles or staple goods, from time to time, in order to sell the other goods, a check or order may be drawn, with the consent of the second party, to pay for such goods; when purchased, shall be kept separate from the other goods, and the proceeds from the sale of these goods to be deposited to the credit of said account to the amount of the sum drawn to pay for the same."

Under the provisions of this mortgage Mrs. Breese continued to hold possession of the goods until February 24, 1886, when the defendant levied upon and took possession of said goods as the property of M. E. Breese, by virtue of an order of attachment issued out of the district court of Chase county, upon a claim of $600 against Mrs. Breese for goods purchased by her. Trial by jury, at the July term, 1886; verdict and judgment for the defendant. The plaintiff brings the case here.

*Madden Bros.*, and *F. P. Cochran*, for plaintiff in error.
*Thos. O. Kelley*, and *Smith & Solomon*, for defendant in error.

Opinion by CLOGSTON, C. : This was an action in replevin, to recover the possession of a stock of goods and fixtures claimed by the plaintiff by virtue of a chattel mortgage executed by his stepdaughter, one M. E. Breese, to secure an indebtedness due from her of $900. The defendant levied upon said goods by virtue of an order of attachment, as the property of Mrs. Breese. The sole question in issue was as to the validity of this mortgage by which plaintiff claimed his right of possession. Plaintiff complains of the instructions of the court to the jury, and the refusal to instruct as requested by him. The court, among other things, instructed the jury as follows:

" 7. But, on the other hand, I instruct you that if the mortgage in question was accompanied by an understanding or agreement that the same was wholly or in part for the benefit of said M. E. Breese, by placing her property out of the reach of creditors, then such mortgage was void as against the plaintiff and attaching creditors, notwithstanding the fact that the plaintiff may have been an actual creditor of said M. E. Breese, and in such case plaintiff cannot recover."

" 12. You are further instructed, that if you find from the evidence that at the time the mortgage in question was executed and delivered, C. C. Whitson was the stepfather of the said M. E. Breese, and that they were residing together in the same house, and had so resided together for a long time prior thereto, and were at said time members of the same family, then these facts may be taken into consideration in determining the question of good faith; for where parties are so related they are in law held to a stricter proof and accountability, as to good faith toward creditors, than mere creditors."

These instructions were objected to; the objection was overruled by the court, and excepted to by plaintiff. In addition to these instructions, the plaintiff asked the court to give the following instruction :

" Where a chattel mortgage is given on a stock of goods with a stipulation for possession thereof by the mortgagor, and by agreement, in or outside of the mortgage, the mortgagor is permitted to continue disposing of the goods in the ordinary course of business, and to use a portion of said stock, or the proceeds thereof, for his support, and that of his family, and pay out of such stock or proceeds, rent, fuel,

clerk hire, lights, paying the remainder over in discharge of the mortgage debt, the transaction will not be rendered fraudulent and void as to creditors, but will be upheld as valid if entered into and carried out in good faith."

This instruction the court refused to give; which ruling was excepted to by plaintiff. We think the court erred in giving the two instructions above quoted, and in refusing to give the instruction asked by the plaintiff. Instruction No. 7, given by the court, rendered it impossible for the jury to return a verdict for the plaintiff, no matter how honest or how much good faith there was in the transaction between plaintiff and Breese. The court by that instruction said that if it was understood or agreed between these parties that the transaction was for the benefit, in whole or in part, of Mrs. Breese, by placing her property out of the reach of her creditors, then that the mortgage was void. If this transaction was just as plaintiff claimed it to be, and the mortgage was given in good faith and without any fraudulent intent, yet it would have the effect which the court said would render the mortgage void, if it was partly for her benefit. The mortgage also gave her the right to use a part of the proceeds arising from the sale of the goods; it gave her the right to sell them and to receive compensation for so doing. These would all be benefits resulting to Mrs. Breese, and no matter how much good faith there was in the transaction, still under this instruction the jury was obliged to return a verdict for the defendant. (*Howard v. Rohlfing*, 36 Kas. 357.) To render a mortgage void by reason of some benefit resulting to the mortgagor from the giving of the mortgage, such benefit must have been given for the purpose of hindering, delaying or defrauding creditors. (*Frankhouser v. Ellett*, 22 Kas. 127.)

Instruction No. 12, given by the court, we think was calculated to mislead the jury. The latter part of the instruction says: "They are in law held to a stricter proof and accountability, as to good faith toward creditors, than mere creditors." The jury might, and perhaps did, understand by this instruction that the bare fact that the relationship of step-

father and stepdaughter existed, and that they were living together as a part of one family, was a circumstance that would render this transaction fraudulent unless the plaintiff by strict proof established the good faith of the transaction.

Where a chattel mortgage is given containing a provision, as in this mortgage, that the mortgagor might retain possession and sell the property in the course of trade, and account for the proceeds, and receive out of such proceeds the expenses of operating the business, together with compensation and the means of subsistence of the family of the mortgagor during the time the business was being run, it has been upheld and sustained by this court. (See *Frankhouser v. Ellett,* supra; *Howard v. Rohlfing,* supra; *Arn v. Hoerseman,* 26 Kas. 413; *Randall v. Shaw,* 28 id. 419; *Leser v. Glaser,* 32 id. 546.) This transaction was being questioned, and the defendant had a right to question the good faith of the parties in making this transaction, and if it was found that this condition was put in the mortgage for the purpose of hindering and delaying the collection of a debt, then of course the mortgage would be void; but the court ought to have submitted the question to the jury, and they ought to have been informed that where such conditions and stipulations are contained in a mortgage, and placed there in good faith, that it would not be for that reason void. Such an instruction, or one embodying the principle therein contained, ought to have been given to the jury.

It is therefore recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.