## J. C. WILLIAMS v. D. A. MITCHELL.

### No. 380. (58 Pac. 1025.)

1. CHATTEL MORTGAGES—*Filing for Record—Execution Creditor.* Where a mortgagee withholds from the record a chattel mortgage for more than a month, then assigns and delivers it to another, who immediately files the same for record and takes actual possession of the goods mortgaged, it is not void for failure to record, as required by section 1 of chapter 120, General Statutes of 1897 (Gen. Stat. 1899, § 4060), as against an execution creditor who asserts his rights by levy after the mortgage is filed and possession given.

2. ———— *Possession of Property—Good Faith.* A chattel mortgage will not be declared void upon its face for the reason that the mortgagor retains possession of the stock and is permitted to deduct his living expenses from the proceeds of the sales, "but will be upheld or condemned, according as the agreement is entered into and carried out in good faith or not."

Error from Sedgwick district court ; C. REED, judge. Opinion filed November 20, 1899. Affirmed.

*Adams & Adams*, for plaintiff in error.

*Holmes & Haymaker*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: R. Allen Hall was indebted to the State National Bank in the sum of $5000; D. A. Mitchell, defendant in error, was his indorser, and to secure him upon his liability to the bank Hall executed and delivered to Mitchell, on August 26, 1890, a chattel mortgage on a stock of jewelry. Mitchell held the mortgage until the 17th day of October, 1890, when he delivered it to the State National Bank. On the same day the bank filed the mortgage for record and took possession of the stock and placed it in charge of D. A. Mitchell, as agent.

While the stock of goods was in the possession of Mitchell, and before the stock was sold under the provisions of the mortgage, the plaintiff in error, as constable, levied upon eight watches contained in the stock and took actual possession of them. On the 5th day of November, the stock was sold at public sale, as provided in the mortgage, for $4000, to the State National Bank, and on the same day, sold by it to defendant in error.

The plaintiff below, defendant in error, commenced this action in the district court of Sedgwick county to recover the value of the watches and damages. In his petition he alleges:

"That immediately after the said sale the said bank executed to the plaintiff herein a bill of sale of the property in writing, and also assigned in writing all its title or rights arising under the said mortgage, as well as all right of action against the said defendant for the taking of the said goods as aforesaid."

This allegation was not denied by verified answer.

The case was tried to a jury, special findings and general verdict returned, and judgment rendered upon the verdict for plaintiff below. The defendant below brings the case here for review.

The only issue raised and tried in the court below was. as to the fraudulency of the mortgage. It is contended that the mortgage is void for the reason that after it was executed and delivered it was not "forthwith deposited in the office of the register of deeds," as required by paragraph 3903, General Statutes of 1889 (Gen. Stat. 1897, ch. 120, § 1 ; Gen. Stat. 1899, § 4060). The mortgagee held the mortgage from record more than a month. When delivered to the bank by Mitchell, mortgagee, it was immediately filed for record and possession of the stock of goods taken. The bank being in possession of the stock under the mortgage at the time the plaintiff in error asserted his right, we cannot say as a matter of law that the mortgage is void.

It is further contended that the mortgage is void upon its face by reason of the following provision :

"It is agreed that said R. Allen Hall shall remain in possession of store, subject to the prior provisions of this mortgage, and after expense of store and living are deducted the balance of money shall apply on debts secured."

A chattel mortgage will not be declared void upon its face for the reason that the mortgagor retains possession of the stock and is permitted to deduct his living expenses from the proceeds of the sales, "but will be upheld or condemned according as the arrangement is entered into and carried out in good faith or not." Upon this point the jury were properly instructed by the trial court. (*Frankhouser v. Ellett*, 22 Kan. 128 ; *Whitson v. Griffis, Sheriff*, 39 Kan. 211, 17 Pac. 801.)

It is also urged that the trial court erred in giving and refusing to give certain instructions. From our examination of the record, we are satisfied that the instructions given, considered as an entirety, fairly presented the law applicable to the facts. The verdict appears to be free from prejudice; it has been approved by the trial court. We find no error sufficient to require a reversal of the case. The judgment of the district court is affirmed.