· HENRY HEGWER v. KIFF & Co., *et al.*

ACTION brought December 5, 1881, in the district court of Reno county, by *Kiff & Co.* and *G. W. Hardy* against *Hegwer*, to recover $500, not then due. The plaintiffs in connection with their action obtained an order of attachment. March 4, 1882, the district judge overruled defendant's motion to discharge the attachment. This ruling he brings here for review. Other facts are stated in the opinion.

*Brown & Zimmerman*, for plaintiff in error.

*Whiteside & Campbell*, for defendants in error.

*Per Curiam:* The question involved in this case is one of fact, and the testimony wholly by affidavits. After a careful examination of all the affidavits introduced upon the motion to discharge the attachment, we are forced to the conclusion that there was not evidence sufficient to establish that the plaintiff in error (defendant below) on or before the 3d day of December, 1881, had sold and conveyed, or otherwise disposed of his property, or any part thereof, with the fraudulent intent to cheat or defraud his creditors, or hinder and delay them in the collection of their debts; or that he was about to make a sale and disposition of his property with such fraudulent intent; or that he was about to remove his property, or a part thereof, with such intent.

On the other hand, it does appear that just prior to the attachment, the defendant below was collecting his bills for the purpose of paying his debts, among others, a debt due to Challiss Bros. for $506, and that he continued paying his bills up to the levy of the attachment, and also paid many of them thereafter. It is shown in evidence, by testimony not contradicted, that between October 10th and December 3d he purchased of Challiss Bros. alone, about $2,000 worth of goods; that at the time of the levy he had over $800 worth of goods and merchandise on hand. It appears that the trans-

fer of the stock and fixtures to one Charles Collins was made after the levy of the attachment, and according to the testimony of Collins the chattel mortgage he held was given to secure him as a bondsman on the forthcoming bond given by the defendant below in this action.

This is not a case where the ruling of the district judge is to be sustained if there is any evidence supporting it, but the question whether the attachment should be sustained or dissolved is to be determined from the facts established by the testimony; and where the testimony is all contained in affidavits, this court is as competent as the district judge to form a just estimate of the credence to be given thereto. (*Connor v. Comm'rs of Rice Co.*, 20 Kas. 575.) Even if it be true that the defendants in error, plaintiffs below, were induced by false promises to sign the notes sued on; that defendant below had failed before and cheated his creditors; that he is guilty of violating the criminal laws of the state; and that he had mortgaged his real estate for its full value before the execution of the note upon which the plaintiffs below were sureties; nevertheless, all of this would not establish the specific charges upon which the attachment was granted. The district judge must have given, in view of the conclusion reached by him, too great weight to the testimony showing generally the bad conduct and bad faith of the defendant below, regardless whether these charges sustained the grounds of the attachment.

The ruling and order of the district judge will be reversed, and the case remanded with instructions to discharge the attachment.