| 37 | 671 |
| 44 | 499 |
| 37 | 671 |
| 45 | 435 |
| 45 | 625 |
| 37 | 671 |
| 48 | 372 |
| 37 | 671 |
| 52 | 724 |
| 53 | 739 |
| 53 | 764 |
| 37 | 671 |
| 54 | 529 |

## B. F. GARDNER v. J. M. KING.

1. EXECUTION — *Levy* — *Exemption* — *Notice.* Where an execution creditor causes an execution to be levied upon exempt personal property of the debtor, and it is advertised and sold, and bought in by the said creditor, but before the sale he is notified by the owner not to buy it, and that he claims it as exempt property, *held*, that the execution debtor might claim his right to the property under the exemption law at any time before the sale of the property, and that after notice of such claim is given the property is wrongfully detained by the creditor, and the owner is entitled to the immediate possession.

2. DEMURRER, *When Sustained.* Before a demurrer can be sustained to the plaintiff's evidence, the court must find that the plaintiff has entirely failed to prove his case.

*Error from Crawford District Court.*

THIS was an action brought by the plaintiff in error before a justice of the peace in Crawford county, to recover the pos-

session of certain personal property. The attorney for the plaintiff filed the affidavit in replevin, which is as follows:

"STATE OF KANSAS, CRAWFORD COUNTY, ss.—Henry Gladdis, being duly sworn, upon oath says: That he is the duly-authorized attorney of the plaintiff in the above-entitled action; that said plaintiff is the owner of the following-described and valued property, to wit: one red two-year-old heifer, of the actual value of twenty dollars; one red two-year-old cow, of the actual value of twenty-five dollars; and one sucking calf with cow, of the actual value of five dollars; that said plaintiff is entitled to the immediate possession of said property; that said property is wrongfully detained by said defendant, J. M. King; that said property was taken in execution on a judgment rendered before W. H. Miller, a justice of the peace of Sheridan township, in Crawford county, Kansas, against said plaintiff, and that the said property was by law and statute exempt from seizure and sale."

This affidavit was the only pleading of any kind filed, and no answer was filed thereto. Trial in justice's court, and judgment rendered; from which judgment an appeal was taken to the district court; and in the district court the cause again went to trial upon the same affidavit, and without any additional pleadings. The plaintiff introduced his testimony, and the defendant demurred thereto upon the ground that the evidence failed to establish a cause of action against the defendant and in favor of the plaintiff, and failed to maintain the allegations of said affidavit, the foundation of the action. At the January Term, 1886, the court sustained the demurrer, and rendered judgment against the plaintiff for costs. The plaintiff brings the case here.

*Wells & Wells,* for plaintiff in error.

*John T. Voss,* for defendant in error.

Opinion by CLOGSTON, C.: The only question for consideration is, whether the court erred in sustaining the demurrer to the plaintiff's evidence. The record shows that there was but very little evidence given at the trial, and what little there was admitted must, when demurred to, be regarded in the

most favorable light, and all reasonable presumptions to be
drawn therefrom are to be resolved in favor of the plaintiff;
and before a demurrer thereto can be successfully sustained,
the court must be able to say that the plaintiff has entirely
failed to prove his case. (*Brown, Adm'r, v. A. T. & S. F. Rld.
Co.*, 31 Kas. 1.) The plaintiff showed by his testimony that
he was a resident of the state, and the head of a family; that
the two heifers in controversy belonged to him; that they were
levied upon by a constable on execution in favor of the defend-
ant; that before the sale of the property plaintiff notified the
defendant not to buy them, and that he claimed them as ex-
empt property; also, that the property was advertised and
afterward sold, and the defendant became the purchaser at
said sale. This evidence was, we think, sufficient when so
attacked to prove the plaintiff's cause. If the plaintiff had
waived his right to select the property, or had done anything
else that would reasonably prevent him from claiming the
property as exempt, it would have been a proper defense to his
claim. It was not necessary for the plaintiff, in the first in-
stance, to show that he had not waived his right to claim the
property under the exemption. The defendant however insists
that the testimony of the plaintiff showed that he had no other
cattle at the time of the trial, but that he did not show what
other cows, if any, he had at the time the execution was levied
upon the property in controversy. This was not necessary.
If the cows in controversy were the only ones he owned at
the time of the levy, then they were exempt; if he had other
cattle, then he had the right to select which he would claim as
exempt; and this right to select might be exercised by the
plaintiff at any time before the sale. (*Rice v. Nolan*, 33 Kas. 28.)
The exemption law was made for the benefit of a debtor and
his family, and its provisions must be liberally construed in
his favor. Where he made the selection before the sale and
informed the defendant of that fact, and that he claimed the
property as exempt, if after that the defendant retained them,
he did so wrongfully, the plaintiff being entitled to their im-
mediate possession.

43—37 KAS.

Defendant claims that the court erred in overruling his motion to quash the affidavit, the foundation of the action; and also in overruling his objection to the introduction of any testimony thereunder. We suggest to counsel that before he can be heard to urge errors in his own behalf, he must have preserved the rulings of the court in a transcript or case-made. The defendant has filed no cross-petition in this case, and therefore none of the errors, even if they existed as claimed by him, can avail or be considered by this court. The demurrer was erroneously sustained.

We therefore recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.