## THE NATIONAL BANK OF GUTHRIE VS. W. E. EARL.

1. When evidence has been produced below upon all points included in the findings of fact made by the trial court, if such evidence reasonably tends to support the findings, such findings of fact will not be disturbed in this court; and the rule upon this subject is the same when a case is submitted to the court below, without a jury, as when a jury is empaneled to try the cause.

2. Under the fourth subdivision of § 5136, of the revised statutes of the United States, which provides that such national banking association shall have power "to sue and be sued; complain and defend in any court of law and equity, as fully as natural persons," such national banking associations have full power to employ attorneys to complain or to defend such suits in any court of law or equity; and such employment, including the agreement for compensation, may be made by the president of such bank   Such employment by the president is a sufficient authorization and employment, and the bank will be bound thereby.   The power to complain and defend is not limited to suits in which the bank may be successful; nor is the right of the attorney to recover limited by the character of the questions which may arise in the case.

*Error from the District Court of Logan County.*

*Harper S. Cunningham* and *E. B. Green*, for plaintiff in error.

*Asp, Shartel & Cottingham*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.:   This is an action for attorney's fees brought by the defendant in error, plaintiff below, against the plaintiff in error, as compensation for legal services, claimed to have been rendered by the defendant in error to plaintiff in error, in an action of replevin for a stock of clothing included in a mortgage to the National Bank of Guthrie from Malone Bros.   The suit involved the right of E. T. Patton & Co. to recover the stock of clothing as against the

attaching creditors of Malone Bros. The stock of goods had been sold to E. T. Patton & Co., for the sum of $5,300, by Louis DeSteiguer, who was president of the National Bank of Guthrie. It was claimed by the plaintiff below that the sale was made to E. T. Patton & Co., by Louis DeSteiguer, in behalf of the bank, and that the bank had warranted the title of the property to E. T. Patton & Co.; that shortly after the delivery of the property to E. T. Patton & Co. the other creditors of the firm of Malone Bros. had sued out writs of attachment, and caused the same to be levied on the goods so sold by the bank to Patton & Co.; and that the employment of the defendant in error in the replevin suits against the said creditors had been authorized by the bank, through the said Louis DeSteiguer; and that Patton & Co. had employed the defendant in error pursuant to such authority to defend the title to such stock of goods, at and for the agreed fee of one hundred dollars; and that the bank was advised of the contract and assented to its terms.

The plaintiff below, defendant in error here, brought suit against the defendant, plaintiff in error here. Upon this contention the defendant filed a general denial, and contends that the employment, if any, of the defendant in error, was in behalf of Louis DeSteiguer himself. A jury was waived at the trial, and the cause submitted to the court. The court found the issues for the plaintiff below, and also made and found the following special findings of fact and conclusions of law:

"1. That the mortgage given by Malone Bros. was given to the National Bank of Guthrie to secure whatever sum of money may have been advanced by the National Bank to Malone Bros.

"2. That the National Bank of Guthrie foreclosed the mortgage, and thereby acquired possession of the stock of goods.

"3. That the president, Louis DeSteiguer, in the sale of said stock of goods, acted for the National Bank of Guthrie.

"4. That E. T. Patton & Co. purchased said stock of goods from the National Bank of Guthrie, and paid the National Bank of Guthrie the consideration of $5,300 for said stock of goods. That the contract for legal services was made by J. M. Brooks, for E. T. Patton & Co., with Louis DeSteiguer, president of the National Bank of Guthrie; that the plaintiff in this case acted under the agreement with the president of the National Bank of Guthrie for the payment of one hundred dollars as attorney, in defending the title to said stock of goods on behalf of the National Bank of Guthrie."

The court, thereupon, made the conclusions of law that:

"Plaintiff is entitled to recover the sum sued for from the defendant."

The plaintiff in error filed its motion, in writing, for a new trial, which ·was overruled by the court, and judgment rendered in favor of the plaintiff below and against the defendant below for the sum of one hundred dollars and costs of suit. To the overruling of which motion, and to the rendering of such judgment the defendant below at the time excepted, and brings the record into this court upon various assignments of error, which are argued under the sixth assignment, to-wit, "that the court erred in overruling the motion for a new trial."

This assignment of error is argued upon two propositions, namely, (1) that the court erred in the finding of fact that E. T. Patton & Company purchased the stock of goods from the National Bank of Guthrie, and paid to it therefor the consideration of $5,300, but that, on the contrary, the transaction was the individual transaction of L. DeSteiguer, and was not the the corporate act of the bank; that the bank, by the transaction, assumed no liability to E. T. Patton; and,

(2) that the transaction was one in which the bank could not engage, under the law of its creation; that the transaction, if made with the bank, was, therefore, *ultra vires*, and if made by the bank as a corporation, was void in law.

Upon the first proposition, evidence was produced in the case, to the effect that the bank had a chattel mortgage on the stock of clothing belonging to Malone Bros., for something over nine thousand dollars; that it foreclosed its mortgage and sold the goods to E. T. Patton & Co.; that the firm of E. T. Patton & Co. settled therefor with the National bank of Guthrie, by giving its firm check for the purchase price payable to the order of the bank; that by the giving of this check the account of the firm of E. T. Patton & Co. with the National Bank of Guthrie was over-drawn, and that the firm gave a note to the bank to cover this overdraft of its account, and that this note was made payable to the National Bank of Guthrie, the plaintiff in error. It is distinctly stated by Mr. Brooks that the amount was charged up to the firm of E. T. Patton & Co. upon the books of the bank as stated to him by DeSteiguer when the note of the firm was given to the bank for the balance. Mr. Brooks appears to have testified in the replevin suit that he had made the purchase of the stock of goods from DeSteiguer, and repeatedly in that testimony referred to the purchase as having been made from De Steiguer. His attention having been called to this fact, he testified in the case as follows : "I may have stated that I bought them of DeSteiguer, and I may have so stated in this evidence (in the replevin case). If I made the statement that I bought them of DeSteiguer, as an explanation of that, I will say that if I wanted to buy a stock of goods of the Guthrie National Bank (as mortgagee), it would be very probable, if I bought the stock, I would say I bought it of

McNeal. He is representing the bank—he is president. I did not know anybody but DeSteiguer in this bank, or in the business transaction. He done its business, and I done business with him." Mr. Brooks testified that DeSteiguer instructed him to employ the defendant in error in this case in behalf of the National Bank of Guthrie.

It is testified to by W. E. Earl, defendant in error, that DeSteiguer always told him that the bank took the stock of goods in liquidation of its debt. Mr. Brooks testified that before the trade was completed, or the check and note given, having heard suits threatened by the creditors of Malone Bros., he went to DeSteiguer and was assured by him that the bank would stand behind him and pay all expenses.

F. H. Thwing, who was employed in the bank at the time, testified to this conversation between Mr. Brooks and L. DeSteiguer, which was had in the bank; and that Mr. Brooks was assured by DeSteiguer that the bank would stand behind E. T. Patton & Co. It was testified also by the defendant in error that DeSteiguer told him that the stock of goods was sold by the bank to E. T. Patton & Co.

It is provided by the code of civil procedure, that trials by jury may be waived, and that the provisions respecting trials by jury, so far as they are applicable, shall apply to trials by the court. (Section 318, code civil procedure, Statutes of Oklahoma, 1893.)

One of the grounds for a new trial provided for by the code of civil procedure, § 318, is, "that the verdict is not sustained by sufficient evidence."

This provision of the code has been adopted from the state of Kansas. In that state, the supreme court has thereupon declared in *Hardin vs. Joice*, 21 Kan. 322, "that it is error not to grant a new trial if there is not sufficient evidence to sustain the verdict of the jury."

While evidence was adduced to contradict this testimony, yet it cannot be contended that it was not sufficient upon which to find a verdict by a jury, or a finding of fact by the court.

In the case of *Stratton vs. Hawkes*, 43 Kan. 542, it was said in a case upon which the contention was to whether or not a deed was delivered, that the ''direct evidence bearing upon it was conflicting. Many circumstances were shown from which strong inference arose tending to support both theories. The judgment rendered by the trial court necessarily includes a finding that there was a delivery of the deed to Thompson, because if the trial court had been of the opinion that there had been no delivery of the deed, the inevitable result would have been that the judgment would have been rendered in favor of the party now here complaining. It is true, beyond all qualification, that there is some evidence to support the finding contained in the judgment that there was a delivery of the deed to Thompson; hence, we cannot disturb the judgment for the reason urged, without entirely disregarding well-established rules." To a similar effect are *Mullaney vs. Humes*, 48 Kan. 368; *Gardner vs. King*, 37 Kan. 671; *Harrington vs. Stone*, 39 Kan. 176.

Evidence was adduced below upon all the points included in the findings of fact made by the trial court, and, accordingly, such findings will not be disturbed. (*Light vs. Canadian Co. Bank*, (Okla.) 37 Pac. Rep. 1075.)

The second proposition is one not involved in the determination of this case. By the fourth subdivision of § 5136 of the revised statutes of the United States, in which the corporate powers of national banking associations are enumerated and specified, it is provided that they shall have power: ''Fourth. To sue

and be sued; complain and defend in any court of law and equity, as fully as natural persons."

In order to the due and proper exercise of the power herein provided for, a national bank has the power to employ attorneys, skilled in the law, to "complain and defend" in the courts in any suit to which the bank may be a party. This power is not limited by the character of the complaint or defense. If the particular bank in question should bring a suit to enforce a transaction, or to defend one, like the one at bar, in which the authority of the bank to engage in such a transaction is involved, it would not affect the right of the attorney to recover compensation for services rendered, at the request of the bank, in relation to such suit.

The power to complain and defend is not limited to suits in which the bank may be successful; nor is the right of the attorney to recover limited by the character of the questions which may arise in the case.

Upon the findings of fact made by the court below, the defendant acted under an agreement made by him with the president of the National Bank of Guthrie, on behalf of the National Bank Guthrie. The authority given to the defendant in error to appear and defend the replevin cases for E. T. Patton, by L. DeSteiguer, president of the National Bank of Guthrie, was a sufficient authorization and employment on behalf of the National Bank of Guthrie, and the bank will be bound thereby; and even if there were any doubt of such employment by DeSteiguer, as president, the acceptance of the services of the attorney would estop the bank from denying compensation for the services so rendered. (*Alexandria Canal Co. vs. Swann*, 5 How. 83; *American Ins. Co. vs. Oakley*, 9 Paige, 496; *Penobscot Boom Co. vs. Lamson*, 15 Me. 656. Weeks on Attorneys, § 190.)

The conclusion of the trial court that the plaintiff is entitled to recover the sum sued for from the defendant is therefore affirmed.

Dale, C. J., having presided below, not sitting; all the other Justices concurring.