## Darlington-Miller Lumber Co. v. James Lobsitz.

1. Special Findings—*Conclusive.* When special findings of fact are made by the trial court, to whom the case is submitted without a jury, such findings will not be reversed here unless they are without evidence to support them upon some material point, but they will be treated as conclusive in this court upon all disputed questions of fact.

2. Contract Lien—Where the owner of property makes a contract with a builder to erect a building and to furnish lumber therefor, and such contractor purchases the lumber himself, but fails to pay for the same, the contractor is alone responsible, and no lien attaches to the building, or land upon which it has been erected, in favor of the creditor.

*Error from the District Court of Noble County.*

*H. R. Thurston,* for plaintiffs in error.

*Morgan & Pancoast,* for defendant in error.

The opinion of the court was delivered by:

McAtee, J.: This was a suit brought in the district court of Noble county by the plaintiffs in error, plaintiffs below, to obtain a judgment for two hundred and eight dollars and forty-three cents with interest, and for the enforcement of a mechanic's lien upon lots 19 and 20 in block 10, in the city of Perry, and a dwelling house thereon.

The plaintiff alleged that it had furnished a bill of lumber to the defendant at his special instance and request, which was used for the construction of the dwelling house referred to, upon the express agreement that the plaintiffs were to have a lien upon the real estate.

The defendant filed his answer and cross-petition, in which he alleged that he had entered into a contract with the plaintiffs, by a Mr. Wermer, who undertook to contract for them, and one Parker, by the terms of which the plaintiffs and Parker agreed with the defendant, for

seven hundred dollars, to erect and construct for defendant a frame building according to certain plans and specifications, and that the said building was to be done in a workmanlike manner, and in every respect in conformity with the plans and specifications; that the plaintiffs and Parker had failed to comply with the terms of the contract; that the material used was inferior and the worhmanship defective, and that the defendant had been damaged thereby in the sum of two hundred dollars; but that he paid the full contract price to the said parties and thereby demanded judgment for his damages against the plaintiffs in the sum of two hundred dollars and costs. The case was tried to the court, and upon the request of plaintiffs, the court made special findings of fact, and conclusions of law, as follows:

"The court finds, as facts in this case, that on the 16th day of January, 1894, the defendant, James B. Lobsitz, made a written contract with F. A. Parker and the Darlington-Miller Lumber company; the contract, so far as purports to have been made by the Darlington-Miller company, whereby Parker and the Darlington-Miller company were to erect and complete a residence for the defendant, James Lobsitz, for the sum of seven hundred dollars. That Mr. Wermer, in signing this contract for the Darlington-Miller Lumber company, had no right, power or authority to make the contract for the Darlington-Miller Lumber company to erect and complete the residence. That under and by virtue of this contract, and subsequently thereto, there was furnished to F. A. Parker for the erection of the building mentioned in the contract, the lumber mentioned in plaintiff's itemized account attached to its petition. That no contract whatever was ever made by Mr. Lobsitz, defendant, for the purchase of the lumber sued on, and the defendant never agreed with the Darlington-Miller Lumber company to purchase or pay for the same."

And thereupon the court made the following conclusion of law:

"The court finds, as a matter of law, that the defendant, James Lobsitz, is not indebted in any sum to the Darlington-Miller company on account of the purchase of material that went into the building referred to in the petition of the plaintiff."

To the findings of fact and conclusion of law, the plaintiff in error excepted, making numerous assignments of error, which are argued in the briefs upon two propositions, to wit, (1) that the findings of fact are not warranted by the evidence, and (2) that they do not justify the conclusion of law drawn from them.

Upon the first proposition it has been repeatedly held that the special findings of fact made by the court below are conclusive here upon all doubtful and disputed questions of fact. (*Crane v. Chauteau,* 20 Kan. 288; *Gibbs, v. Gibbs,* 18 Kan. 419; *Stout v. Townsend,* 32 Kan. 423.)

It was alleged in the pleadings, and shown in the evidence, that the plaintiffs had renounced the written contract referred to, and denied the authority of Mr. Wermer to execute such a contract in its behalf, and as appears in the special findings of fact this contention was sustained by the court.

The contract was, therefore, set aside, and there was evidence to show that the contract for the erection of the building had been made by the defendant with Parker, who had procured the Darlington-Miller Lumber company to sign the written contract referred to, by Mr. Wermer, as a guarantor to the defendant, that the contract would be executed as made, that Parker had only procured from the defendant the contract for the erection of the house, upon condition that the Darlington-Miller Lumber company would undertake the contract with him or guarantee its performance, and that outside of the written contract, which was at the trial renounced

and denied by the plaintiffs here, that the agreement and contract had been made by the defendant with Parker only.

Undoubtedly the plaintiffs renounced the written contract and denied the liability and availed itself of its legal exemption from such liability in order to escape any liability in this cause for damages sought for in the cross petition of the defendant. But in escaping such liability it also forfeited its right, if any, to recover against the defendant upon any claim as for a mechanic's lien.

The statutes provide, § 4527, Statutes of Oklahoma, 1893, that:

"Any person who shall under a contract with the owner of any tract or piece of land, or with the trustee, agent, * * furnish material for the erection, alteration or repair of any building, improvement, or structure thereon, * * shall have a lien upon the whole of said piece or tract of land, the building or appurtenances, in the manner herein provided, for the amount due." * *

Upon the finding of the court that "no contract whatever was made with Lobsitz, defendant," and the statute being peremptory, in order to entitle the plaintiff to a lien, that the contract must be made with the owner or his agent, the conclusion of the court was correct, that the defendant, James Lobsitz, is not indebted in any sum to the Darlington-Miller Lumber company on account of the purchase of material that went into the building referred to.

It cannot be set up that Parker was the agent for the defendant. He was an independent contractor who agreed with the defendant to furnish the lumber and erect the building, and no lien can attach in favor of the plaintiffs upon the property in which the lumber was

used, in the absence of an agreement with the owner, for its purchase. (*Weaver v. Sell*, 10 Kan. 609; *Clark v. Hall*, 10 Kan. 81.)

The judgment of the lower court is, therefore, affirmed.

Bierer, J., having presided in the court below, not sitting; all the other Justices concurring.