## KATE TOOTLE *et al.* v. P. I. BROWN.

SUFFICIENCY OF EVIDENCE TO SUSTAIN FINDING OF TRIAL COURT—Where a motion to dissolve an attachment is heard by the district court and a general finding of facts made upon oral testimony, as well as affidavits and depositions, such finding is a finding of every special thing necessary to be found to sustain the general finding and is conclusive in the supreme court upon all doubtful and disputed questions of fact; and the supreme court will not weigh the conflicting testimony to determine whether the finding and action of the court below was justified by the weight of evidence.

*Error from the District Court of Kay County.*

*Blevins & King* and *Asp, Shartel & Cottingham,* for plaintiffs in error.

*Charles J. Peckham* and *Pollock & Love,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: The only question presented by the record in this cause, requiring our consideration, is that arising from the action of the district court in sustaining the motion of the defendant in error, to dissolve the attachment, issued in the cause, and under which the property was seized, as the property of the defendant in error

This action was commenced on the 14th day of May, 1895, by plaintiffs in error filing their petition in the district court of Kay county, upon which they demanded judgment for the sum of $1,600 against defendant in error. At the time of filing the petition, there was also filed an affidavit for attachment, the grounds of said attachment stated in said affidavit being: "That defendant has or is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors. Has assigned, removed and disposed of, or is about to dispose of his property, or a part thereof, with intent to defraud, hinder or delay his creditors."

On the 16th day of August, 1895, defendant in error filed his answer to the petition of plaintiffs in said cause, and also at the same time filed his motion for dissolution of the attachment upon the following grounds, among others, viz: "*Fourth.* That it is not true, as averred in said affidavit for attachment that this defendant on the 14th day of May, 1895, at the time of making the said affidavit was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors, with intent to defraud his creditors; and that it is not true that this defendant at the said time of making said affidavit of attachment had assigned, removed and disposed of or was about to dispose of his property or a part thereof, with intent to defraud, hinder or delay his creditors, or with the intention to defraud his creditors."

The issue presented by this motion came regularly for hearing and determination in said district court on the 7th day of October, 1895. At this hearing affidavits and depositions were produced and read in evidence and also many witnesses were orally examined by both parties,

and upon the conclusion of said hearing, the court sustained the motion of defendant in error to dissolve said attachment; and said attachment was by said court dissolved and the levy thereof discharged. Plaintiffs in error brings the case to this court by petition in error to review the action of the district court in sustaining said motion and in discharging said attachment. The record is very voluminous and the testimony of the witnesses and the facts which the evidence tended to establish, was very conflicting upon every material point tending to show the motive and intent of defendant in error in disposing of and selling and assigning certain property, which sale and assignment of said property was made the grounds of said attachment in the affidavit therefor, and as showing that defendant in error had assigned, removed and disposed of or was about to sell, assign or dispose of his property with intent to defraud, hinder and delay his creditors. The motive and intent of the defendant in error in disposing of his property was the *gravamen* of the issue to be determined. It was the fact in issue, and upon this issue, the court found for the defendant in error, and we are now asked to review the finding of the court upon the conflicting testimony in the record.

Notwithstanding that the remarks of the court below in sustaining the motion, are preserved in the record, the finding of the court was a general finding of fact, and the oral reasonings for such finding delivered by the judge, have no proper place in the record and cannot be considered as special findings of facts. (*Ky. Life and Accident Ins. Co. v. Hamilton*, 63 Fed. Rep. 93.)

In this case, Lerton, circuit judge, says:

"The entry recites that the court delivered a written opinion and made a finding of all the issues in favor of

the plaintiff.   This is nothing more than a general find-
ing in favor of the plaintiff.   The contention of the ap-
pellant is that the effect of the recital is to make the
opinion a part of. the record, and a special finding of
facts within the statute.   We do not think the opinion
thereby becomes a part of the record.   It was a mere re-
cital of the fact that an opinion has been read.   The
opinion did not become thereby a part of the judgment
entry and did not operate as a special finding of facts.
The opinion is included in the transcript sent to us, but
there is no minute entry making it a part of the record."

In *Insurance Co. v. Tweed*, 7 Wall. 51, Mr. Justice
Miller delivering the opinion of the court says:

" We are asked in the present case to accept the
opinion of the court below, as a sufficient finding of facts
within the statute, and within the general rule on this
subject.   But with no aid outside of the record we can-
not do this.   The opinion only recites some parts of the
testimony by way of comment in support of the judg-
ment, and is liable to the objection often referred to in
this court, that it states the evidence and not the facts as
found from that evidence.   Besides, it does not profess
to be a statement of facts, but is very correctly called in
the transcript 'reason for judgment.' "

In the case at bar, it is clearly shown that the lan-
guage of the court giving his reasons for sustaining the
motion, which language is copied into the record was
not intended or understood to be a special finding of
facts; this is shown, *first*, by the fact as appears in the
record, that after the motion had been sustained, plain-
tiff's counsel requested the court to make a special find-
ing of facts; and *second*, that the court in refusing such
request used this language:

· "You have got all the court's findings—*a general
finding*—that is all the court is required to make. You
have got my understanding of it and we have got the
evidence.   Request, by the court denied."

We must therefore consider the language of the court, giving his reasons for sustaining the motion as no part of the findings of the court, and that the same is not properly in the record; that the only finding properly made and preserved in the record, is a general finding in favor of the defendant in error upon the issues presented.

Where the case is tried by the court without a jury, and a general finding of facts is made, upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon the supreme court, upon all doubtful and disputed questions of fact. ( *Winstead v. Standiford*, 21 Kan. 270; *Arn v. Hoerseman*, 26 Kan. 415; *Stout v. Townsend*, 32 Kan. 424; *Crane v. Choteau*, 20 Kan. 288; *Gibbs v. Gibbs*, 18 Kan. 419; *Knaggs v. Mastin*, 9 Kan. 532; *Bixley v. Bailey*, 11 Kan. 359; *Ulrich v. Ulrich*, 8 Kan. 402; *St. L., K. C. & N. Ry. Co. v. Piper*, 13 Kan. 505; *Hobson v. Hobson*, 16 Kan. 388.)

We have carefully examined the entire record in this case, and all the proofs, whether oral or otherwise, presented by the parties, on the trial of the issues in the court below, and although the proofs are conflicting, on the material points, we cannot well see how the court below could have come to a different conclusion, or made a different finding from that made; but, be that as it may, such testimony being conflicting on the material points, under the authorities above cited such finding is conclusive upon this court.

The principle of the above case has been approved by this court, in an analogous case, this court holding in *Dunham v. Holloway*, 3 Okla. 244, that:

"Where a party sues out a writ of attachment and in his affidavit therefor sets forth two grounds for said writ and evidence is offered in support of both grounds,

and the jury finds against the defendant upon each of the issues so joined, and such verdict is approved by the trial judge, this court will not disturb the verdict for the reason that the same is not supported by the evidence."

We are cited by counsel for plaintiffs in error to *Connor v. Commissioners of Rice County*, 20 Kan. 575, and *Reece v. Rice*, 41 Pac. Rep. to support a contention that this court is as capable of determining, whether or not the facts show that the defendant in error was selling or disposing of his property or had assigned, removed and disposed of his property with intent to hinder, delay or defraud his creditors, as was the court below. We find nothing in *Reece v. Rice*, in any manner, bearing upon the proposition and in *Connor v. Commissioners of Rice County, supra,* the court say:

"Error is alleged in sustaining the order of attachment. The question is one of fact and the testimony *wholly by affidavit.*"

The doctrine involved in that case is approved in *Hegwer v. Kiff & Co., et al.* 31 Kan. 440. In this last case the court say:

"This is not a case where the ruling of the district court is to be sustained if there is any evidence supporting it, but the question whether the attachment should be sustained or dissolved is to be determined from the facts established by the testimony; and where the testimony is all contained in affidavits, this court is as competent as the district judge to form a just estimate of the credence to be given thereto."

These cases do not change the rule stated in the cases heretofore cited and have no application to the question involved in the case at bar. It can readily be seen that a different rule should apply, when a case is presented to the supreme court as it was to the district court, wholly upon affidavits and depositions; or one where, as in the

case at bar, the greater part of the testimony was oral, where the witnesses were personally present in court and examined and cross-examined in the cause. In such case, the trial court has an opportunity not afforded to the supreme court to . weigh and estimate the testimony of the witnesses and the credence that should be given thereto from their conduct, their apparent intelligence and knowledge concerning the matters in controversy.

We find no error in the action of the court in sustaining the motion to dissolve the attachment on the grounds stated in said fourth paragraph of said motion; and as such action of the court below disposes of the entire attachment proceedings, it is unnecessary for us to review the other questions raised in this record.

The judgment of the district court will therefore be affirmed.

Bierer, J., who presided in the court below, not sitting; all the other Justices concurring.