S. A. MOORE v. O. H. BEVIS, *doing business as* THE BEVIS
MERCANTILE CO.

(Filed Feb. 8, 1900.)

1. EVIDENCE—*Findings of Fact—Not Disturbed, When.* A finding of the
trial court upon a controverted question of fact will not be dis-
turbed by this court where there is competent evidence to reason-
ably support such finding of fact.

2. ATTACHMENT—*Property—Transfer of—Fraud.* Where A caused an at-
tachment to be issued against the property of B, upon the ground
that B is disposing of his property with intent to defraud A, who
was the creditor of B; and C, who claimed the property by pur-
chase from B, immediately before the attachment was issued, to
satisfy an antecedent indebtedness, filed a motion to dissolve said
attachment upon the ground that he was the owner of the property
at the time of the issuance and levy of the attachment; and where
upon the trial the sole question for determination was the *bona fides*
of the sale or transfer of the property between B and C, and the
court having found that said sale or transfer was made with the
intent to hinder, delay and defraud A, who was a creditor of B;
*Held,* that there being competent evidence to reasonably support the
finding of fact of the trial court, it will not be disturbed here on
appeal.

(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before
Ethan Allen, Probate Judge.*

*Henry Rucker,* for plaintiff in error.

*H. B. Martin,* for defendant in error.

Opinion of the court by

HAINER, J.:   This was an action brought in the pro-
bate court of Noble county on the 4th day of May, 1897,

by O. H. Bevis, doing business as the Bevis Mercantile company, against J. Y. Burke, to recover the sum of $268.-40, as a balance due the plaintiff from the defendant for goods, wares and merchandise sold by the plaintiff to the defendant at divers times between the 24th day of February, 1897, and the 21st day of April, 1897. When the petition was filed, the plaintiff caused an attachment to be issued and levied upon the goods, wares and merchandise of the defendant Burke, upon the ground that the said defendant was disposing of said property with the intent to defraud the said plaintiff.

The order of attachment was served by the sheriff of said county, and the property was levied upon on the same day, to-wit, May 4, 1897, at 8 o'clock p. m., as the same appears on the return of the sheriff. On the 6th day of May, 1897, the plaintiff in error, S. A. Moore, filed in said action a motion to discharge said attachment, stating as a ground therefor, in his motion, that the goods were at the time, and prior to the levy of said attachment, his property, and that he was not at any time indebted to the said plaintiff in the court below, the defendant in error here.

On the 8th day of May, 1897, the cause came on regularly to be heard upon the motion of the said S. A. Moore to dissolve the attachment.

It appears from the evidence that the plaintiff in error, S. A. Moore, based his right to the property in controversy upon an alleged sale made by Burke to Moore on the afternoon of May 4, 1897, Moore claiming that the entire stock of goods was sold and transferred to him in satisfaction of an antecedent indebtedness existing be-

—43

tween him and Burke.  It further appears that Moore claimed that Burke was indebted to him in the sum of $400, for money loaned to him, and accuring interest thereon, covering a period of two or three years.  It was further claimed by Moore that the consideration paid was $600, and that said amount was paid by surrendering to Burke notes aggregating $400, and executing an additional note to Burke for $200, being the remainder of the consideration for the entire stock of goods

The Bevis Mercantile company claimed that said sale or transfer by Burke to Moore was not made in good faith, but was made with the intent and purpose of hindering, delaying and defrauding the said Bevis Mercantile company, as a creditor of Burke.

Upon the trial of the cause a great deal of oral testimony was offered, and the testimony was conflicting upon the principal issue involved, which was the *bona fides* of the transaction between Burke and Moore.  The court found that the transfer of the property by J. Y. Burke, the defendant in the court below, to S. A. Moore, the plaintiff in error here, was made with the intent and for the purpose of hindering, delaying and defrauding the Bevis Mercantile company, the attaching creditor of said Burke; and therefore, as a conclusion of law, the said transfer was fraudulent and void, so far as it affected the interests of the Bevis Mercantile company.  And thereupon the court overruled the motion to dissolve the attachment, and rendered judgment in favor of the plaintiff, sustaining the validity of said attachment.  To which ruling and judgment Moore duly excepted, and brings the case here by a petition in error, to review the

action of the probate court in overruling said motion, and in sustaining the writ of attachment.

The only error assigned and discussed by the plaintiff in error here, is that the findings of fact and conclusion of law of the court below are not sustained by the evidence, and are contrary to law.

Since the sole question to be determined by the trial court was the *bona fides* of the transaction between Burke and Moore as to the sale and transfer of the property, and the court having found that the sale and transfer had been made by Burke for the purpose of hindering, delaying and defrauding his creditor, the Bevis Mercantile company, and therefore, as a conclusion of law, was fraudulent and void, and there being competent evidence reasonably supporting such finding of fact, it will not be disturbed here on appeal.

This court has repeatedly held that where the evidence reasonably supports the findings of fact of the trial court, such findings will not be disturbed on appeal. (*Gillett and Libbey et al. v. Murphy, Carroll and Brough,* 7 Okla. 91.)

In *Meyer Brothers Drug Company v. Kelley et al.* 5 Okla. 118, it is said: "The rule of *Light v. Canadian County Bank,* 2 Okla. 543, and *The National Bank of Guthrie v. Earl,* 2 Okla. 617, that where evidence has been produced upon all points necessarily included in the findings made by the trial court, if such evidence reasonably tends to support the findings, such a finding will not be disturbed by this court, and the rule is the same when the case is submitted to the court below without a jury, as when a jury is empanelled to try the cause."

In *Darlington-Miller Lumber Company v. Lobsitz*, 4 Okla. 355, it was held that when special findings of fact are made by the trial court, to whom the case is submitted without a jury, such findings will not be reversed here unless they are without evidence to support them upon some material point, but they will be treated as conclusive in this court upon all disputed questions of fact.

In *Tootle et al. v. Brown*, 4 Okla. 612, this court held that where a motion to dissolve an attachment is heard by the district court, and a general finding of facts made upon oral testimony, as well as affidavits and despositions, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the supreme court upon all doubtful and disputed questions of fact; and the supreme court will not weigh the conflicting testimony to determine whether the finding and action of the court below was justified by the weight of evidence.

Upon a careful examination of the entire record, we find that the evidence is sufficient to sustain the findings of the trial court.

For the reasons herein stated the judgment of the probate court is affirmed.

All of the Justices concurring.