J. N. OLDS, J. L. HUGHES, M. A. SMITH AND T. M. ROBIN-
SON v. THE TRADERS BANK OF KANSAS CITY, MISSOURI.

(Filed September 3, 1904.)

FINDINGS OF FACT—Will Not be Disturbed, When. Findings of
the trial court upon controverted questions of fact will not be dis-
turbed by the supreme court in a case where there is competent
evidence to reasonably support such findings.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before F. E.
Gillette, Trial Judge.*

*C. H. Eagin, Wells & Mathews, J. E. Terral* and *T. M.
Robinson,* for plaintiffs in error.

*B. F. Van Dyke,* for defendant in error.

STATEMENT OF FACTS.

This was an action brought by the defendant in error
against plaintiffs in error in the district court of Greer
county, upon a promissory note, which reads as follows:

"Granite, Okla., 5—8—'01.

"We the undersigned promise to pay Etna M. Jones two
thousand five hundred ($2,500.00) dollars; sixty days from
date interest 12 per cent per annum; value rec'd.

"J. N. OLDS, Pres't.; JOHN B. JONES, J. L. HUGHES,
"M. A. SMITH, T. M. ROBINSON, Sec."

Said note bearing the following endorsements:

"Pay to John B. Jones, Etna M. Jones."

"Pay to Traders Bank of Kansas City, payment guaran-
teed.

"JOHN B. JONES."

Plaintiffs in error answering admit the execution of the note sued on, denying, however, that they signed the same in their individual capacity, but that they signed the note in their representative capacity as officers and directors of the Granite Brick Company, a corporation organized and existing under the laws of Oklahoma Territory; and that at the time of the execution of said note, Etna M. Jones, the payee,. fully understood that they signed the same in their representative capacity as officers and directors of the said Granite Brick Company, and said note was accepted by the said payee with the understanding and belief that the same was properly signed in the manner and form to bind and obligate said Granite Brick Company. Trial was had in the district court of Greer county; evidence was heard, and the court, after hearing the evidence for both plaintiffs in error and defendant in error, found for the defendant in error and' rendered judgment against plaintiffs in error severally in the sum of $2,916.66 and costs; motion for a new trial was overruled, and exceptions saved; plaintiffs in error bring case here by petition in error and case made, for review.

Opinion of the court by

BEAUCHAMP, J.: The contention of the plaintiffs in error in the court below as disclosed by the record, was that they signed the note sued on as officers and directors of the Granite Brick Company, a corporation; that John B. Jones secured a loan in the sum of $2,500 from his wife, Etna M. Jones, for the Granite Brick Company; and that in so doing he was acting as the agent of his wife; that he, as such agent, had full knowledge of the fact that the loan was so negotiated by the Granite Brick Company, and that when the plaintiffs,

in error signed the same it  was only intended that they
should bind the corporation.  Evidence was introduced and
heard by the court upon all of these questions, and the court
found and rendered judgment for the defendant in error.
There was evidence supporting the findings of the court, and
this court has repeatedly held that the finding of the trial
court upon a controverted question of fact will not be dis-
turbed by this court where there is competent evidence to
reasonably support such a finding of fact.  *Moore v. Bevis,* 9
Okla. 672; *Gillett & Libbey et al. v. Murphy, Carrol &
Brough,* 7 Okla. 91; *Meyer Bros. Drug Co. v. Kelley et al.*
5 Okla. 118; *Light v. Canadian County Bank,* 2 Okla. 543;
*The National Bank of Guthrie v. Earl,* 2 Okla. 617; *Darling-
ton-Miller Lumber Co. v. Lobsitz,* 4 Okla. 355; *Tootle et al.
v. Brown,* 4 Okla. 612.

This court will not reverse findings of fact made by a
district court because of the insufficiency of the evidence
upon which such finding is based, provided the evidence rea-
sonably tends to support its finding; and when the evidence
has been produced below upon all the points included in the
findings of fact made by the trial court, if such evidence rea-
sonably tends to support the findings, such findings of fact
will not be disturbed by this court; and the rule upon this
subject is the same when the case is submitted to the
court below without a jury, as when a jury is impanelled to
try the cause.

Counsel for plaintiffs in error direct our attention to the
case of *Janes v. Citizens Bank,* 9 Okla. 546.  In that case
it was held that:

"Where anything appears on the face of the instrument

which suggests a doubt or ambiguity as to the party bound, or the character in which any of the persons who signed the instrument acted, parol testimony is admissible as between the original parties, for the purpose of showing the true intent and meaning of the parties."

In that case the trial court declined to consider oral testimony to show that it was the intent of the parties to bind the corporation, and not to bind the defendants individually. In this case the trial court admitted and considered oral testimony, both in support of and against the issue raised by plaintiffs in error in their answer.

Upon an examination of the record, we find that there was competent evidence sufficient to sustain the findings of the trial court. The judgment of the district court of Greer county is therefore affirmed, with costs to the plaintiffs in error.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.