## Lyle D. Taylor, Appellant, v. Rosehill Cemetery Company, Appellee.

## Gen. No. 23,458.

1. PLEADING, § 50*—*what are proper allegations in declaration in case of joint and several liability.* In a case of joint and several liability, the one in whose favor the liability exists may sue all who are thus liable or any one of the number, and, in case an action is brought against some one of those who are thus liable, the declaration may contain such allegations as would be proper in case the defendant were the only one liable.

2. CORPORATIONS, § 258*—*when directors may employ attorneys and stenographer in suit by minority stockholders against majority stockholders and corporation.* Where legal proceedings are instituted by minority interests in a corporation against the corporation itself and the majority interests, it is within the contemplated powers of the board of directors of the corporation to authorize the employment of counsel and any other employment incident to an adequate representation of the alleged interests of the majority stockholders in the litigation, including the employment of a stenographer to take down the court proceedings, and a recovery may be had for such services from the corporation, even though the majority interests are charged with fraud, unless it be shown that the one employed was in some way a party to the alleged fraud, or at least had notice of it.

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

at the October term, 1917.   Reversed and judgment here.   Opinion filed April 3, 1918.

FOREMAN, ROBERTSON & BLUMROSEN, for appellant.

ASHCRAFT & ASHCRAFT, for appellee; E. M. ASH-CRAFT, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is a suit brought by the appellant to recover for stenographic services alleged to have been rendered for the appellee in reporting the proceedings of a suit in which certain minority stockholders were the complainants and the majority stockholders and the corporation itself were the defendants. The trial court directed a verdict for the defendant and judgment was entered accordingly, from which the plaintiff has appealed. In the action in connection with which the services in question were rendered, the minority stockholders contended that the defendant majority stockholders were engaged with certain other individuals and corporations, also made parties defendant, in defrauding and looting the Rosehill Cemetery Company, and prayed the appointment of a receiver for the Cemetery Company. In connection with the defense of that suit, the board of directors, representing the majority stockholders who were defendants, authorized the officers, who had been duly and lawfully elected to act for the corporation as such, to employ certain counsel, and the latter, representing the Cemetery Company and other defendants, including the directors charged in that proceeding with fraud, directed the plaintiff to attend the hearings in the capacity of a court reporter and take down the proceedings and make certain transcripts thereof. This was done, and it is not controverted that the reason-

able value of the services rendered by the plaintiff was $611.25, and that no part of that sum has been paid to him.

It is contended by the defendant Cemetery Company that the judgment of the trial court should be affirmed by reason of the fact that there is a variance between the allegations in the plaintiff's declaration and the proof presented, in that the declaration alleges liability on the part of the defendant only, whereas the proof discloses that, if there is any liability at all, it is a joint and several liability on the part of the defendant and a number of others, both corporations and individuals. This point is not well taken. In any case of joint and several liability, the one in whose favor the liability exists may sue all who are thus liable or any one of the number, and, in case suit is brought against some one of those who are thus liable, the declaration may contain such allegations as would be proper in case the defendant were the only one liable. The liability of each one of the group in such a case is distinct from that of the others, and in no way dependent upon the others, either as to allegations or as to proof.

Defendant contends further that the judgment should be affirmed by reason of the fact that the employment of the plaintiff was not a reasonable expenditure in that no evidence was taken in connection with the litigation reported by the plaintiff and that it was not necessary or in any way requested that the arguments of counsel on questions of law should be taken down and transcribed by the court reporter. This point also is not well taken. The issue involved very large interests, and it seems to us that it was not only proper but necessary to the proper serving of the best interests of their clients that counsel who had been engaged to defend the litigation in question should see that everything in connection with the proceedings in court should be properly preserved.

The main contention of the defendant in seeking to
have the judgment of the trial court affirmed is that
the board of managers of the defendant company had
no authority to employ the plaintiff or to authorize
counsel to do so, and, in this connection, the defend-
ant urges that the board of managers or board of
directors, in taking the action which resulted in the
employment of the plaintiff, were acting not for the
benefit of this defendant, the corporation, but for their
own benefit. It may be true that a board of directors,
representing a majority of the stockholders, may au-
thorize the employment of another by the corporation
which will result in some benefit to those exercising
or granting the authority and yet the corporation may
be liable. When legal proceedings are instituted by
minority interests in a corporation against the cor-
poration itself and the majority interests, it is cer-
tainly within the contemplated powers of the duly
elected board of directors of the corporation to au-
thorize the employment of counsel and any other em-
ployment incident to an adequate representation of
the alleged interests of the majority stockholders of
the corporation in the litigation; and, where one is so
employed, and renders the services contracted for,
the corporation is liable to the one rendering the serv-
ices. *Kanneberg v. Evangelical Creed Congregation,*
146 Wis. 610, 131 N. W. 353; *National Bank of Guth-
rie v. Earl,* 2 Okla. 617, 39 Pac. 391. This is so even
where the majority interests, through the board of
directors, are charged, in the litigation involved, with
fraud, unless it can be shown that the one employed,
who is suing for the payment of his services, was in
some way a party to the alleged fraud, or at least had
full knowledge of it. *Germania Safety Vault & Trust
Co.'s Assignee v. Hargis,* 23 Ky. L. Rep. 874, 64 S. W.
516. If any other rule prevailed, one could never deal
with the duly-elected representatives of a corporation
except at his peril, and, however ignorant he might

be of any fraud or wrong intentions and purpose in the minds of the representatives of the corporation, and however valuable might be the service he would render, one dealing with a corporation would always run the risk of minority stockholders subsequently establishing the fact that the employment in question was authorized in the furtherance of some fraudulent scheme by the representatives of the corporation, and that being established, the one rendering the services would be without remedy against the corporation employing him. Such a situation would, of course, be impossible, and, even where one's services are contracted for in connection with a controversy in which fraud is charged against those who authorized the employment in question, it cannot be said that it is incumbent upon the former to correctly judge of the merits of the controversy at his peril, but he is warranted in rendering his services at the instance of the corporation upon the authority of its legally constituted representatives, and, having rendered the services, is entitled to his compensation without regard to the question of whether or not the corporation is successful in connection with the controversy in question, and his right to recover is not limited by the character of the questions which may arise in connection with the controversy.

For these reasons the trial court erred in directing a verdict for the defendant. Inasmuch as there is no controversy over the services involved or their value, the judgment of the trial court will be reversed and judgment will be entered here in favor of the plaintiff for the amount of his claim, with interest at 5 per cent. from the date of the judgment of the trial court, amounting, in all, to $645.56.

*Judgment reversed and judgment here.*